The People of the State of Illinois, Defendant in Error, v. Samuel Headrick (Impleaded), Plaintiff in Error.

Gen. No. 64–149.

Second District.

December 3, 1965.

John R. Snively, of Rockford, for plaintiff in error.

William G. Clark, Attorney General, Fred G. Leach and E. Michael O'Brien, Assistant Attorneys General, all of Springfield, and John A. Strom, State's Attorney, of Belvidere, for defendant in error.

MR. PRESIDING JUSTICE ABRAHAMSON delivered the opinion of the court.

The People filed an information against Carl Max Headrick, Sam Headrick and James Lockinger with the Clerk of the Circuit Court of Boone County on May 11, 1962, alleging they had knowingly committed the offense

of burglary. Carl Max Headrick and James Lockinger entered a plea of guilty and Sam Headrick was granted probation after being found guilty of burglary by a jury. Upon a proceeding for revocation of probation he was sentenced to the penitentiary for a period of not less than one nor more than ten years. The revocation proceeding was reviewed by this Court in State v. Headrick, 54 Ill App2d 44, 203 NE2d 157.

This is a review of the original trial on transfer from the Supreme Court. Defendant contends his constitutional right to demand the nature and cause of the accusation was denied him in that the information failed to sufficiently describe the building and failed to give the street address of the property or its more specific location in the county.

 A review of the record discloses that an oral motion to quash the information was submitted to the court without argument. An oral motion to quash an indictment without pointing out wherein it is defective is in the nature of a general demurrer, and, therefore, raises only questions relating to defects of substance. Under these circumstances, where the motion is denied, the ruling of the court can only be held erroneous where there are innate and substantial defects in the indictment which would make it insufficient to support a judgment. People v. Lee, 356 Ill 294, 295, 190 NE 264; People v. Fox, 346 Ill 374, 376, 178 NE 907. In People v. King, 50 Ill App2d 421, at 429, 200 NE2d 411, the Court stated: ". . . . . . while the absence of the address of a burglary is a defect for which an indictment may be quashed upon motion in the trial court, nevertheless, a failure to so move will constitute a waiver of such defect since it is not jurisdictional."

Defendant (plaintiff in error) assigned the following additional errors:

1) A proper foundation was not laid to make two witnesses called by the State court's witnesses.

172

2) The entire written statement of one of said witnesses should not have been read to the jury.

3) The prior conviction of felony was not properly proved.

4) There was insufficient proof of identity of defendant.

5) The evidence was insufficient to sustain the conviction.

6) The verdict was fatally defective.

██ James Lockinger was called by the State as a Court's witness. The record is void of any objection to this procedure and the failure to object is regarded as a waiver and cannot be urged upon appeal. People v. Trefonas, 9 Ill2d 92, 98, 136 NE2d 817.

██ The second witness, Carl Max Headrick, a brother of the plaintiff in error, who had previously pled guilty to the information herein, in his direct testimony appears to have contradicted the contents of a written statement on a previous occasion. It was not until direct testimony was presented to the trial court that the State obtained permission to interrogate this witness as a court's witness. The State under these circumstances should not be compelled to vouch for the witness' veracity. People v. Robinson, 14 Ill2d 325, 333, 334, 153 NE2d 65.

██ ██ The reading of the short statement made by the witness to the jury which reiterated very succinctly the events of the evening, although repetitious of the direct testimony in part and contradictory in other aspects, cannot be considered as prejudicial error. The events were well and amply covered by the interrogatories by the attorneys on direct and cross-examination. The contradictory portions of the short statement are admissible for impeachment purposes, but not as to any evidence of any fact touching on the issues to be tried. People v. Dascola, 322 Ill 473, 488, 153 NE 710.

██ The defendant next contends that the trial court permitted at the cross-examination of the defendant

173

(plaintiff in error) an inquiry relative to a conviction for forgery. It appears from the record that a certified copy of the conviction was introduced and admitted, though the document does not appear in the record. In People v. Neukom, 16 Ill2d 340, 348, 158 NE2d 53, it was held that the admission of the record of conviction cured the error of the State's Attorney in cross-examining the defendant in regard to his conviction of a prior offense, after the defendant offered himself as a witness.

█ It is next urged by the defendant that his identity was not established. We need not belabor the opinion on this point. Suffice it to say that his brother, Carl Max Headrick, placed him at the scene of the occurrence and another witness well-known to him placed him there also.

██ It is next urged that the evidence is insufficient to sustain the conviction. It appears from the testimony that the defendant was the owner of and driver of the automobile involved and that when they came to the filling station he instructed his brother, Carl Max Headrick, to go around to the back window of the gas station and knock the window out and told the other participant, James Lockinger, to sit in the car and said he was going in with Carl Max Headrick. In such cases whatever is done in furtherance of the original design is the act of all, and it is not necessary that each one take an active part in the commission of the crime. In the case at bar the facts in evidence clearly justify the inference that a common understanding existed and that the acts done by all three were intended to be done in furtherance of the original design and as such was the act of all, and it is not necessary that each takes an active part in the commission of the crime. People v. Brendeland, 10 Ill2d 469, 471, 472, 140 NE2d 708.

█ The last error urged is addressed to the form of the verdict. The jury failed to fix the age of the defendant. We find no merit in the contention that this is fatal. This precise question was determined in a very

early case, Herder v. People, 209 Ill 50, 70 NE 674. See also People v. Poole, 284 Ill 39, 119 NE 916, and People v. Cavaness, 21 Ill2d 46, 52, 171 NE2d 56. The verdict failed to include the words "manner and form as charged in the information." This likewise does not invalidate the verdict or the conviction. The test of the sufficiency of the verdict is whether the jury's intention can be ascertained with reasonable certainty from the language used. People v. Orlando, 380 Ill 107, 114, 43 NE2d 677; People v. Schrader, 2 Ill2d 212, 216, 117 NE2d 786. In the present case the only charge made in the information was that of burglary and the jury returned a verdict of guilty. We deem this sufficient to meet the test of the jury's intention.

The judgment of the trial court is therefore affirmed.

Judgment affirmed.

DAVIS and MORAN, JJ., concur.