THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CLARENCE ALLEN TANNAHILL *et al.*, Defendants-Appellants.

Fourth District    No. 12384

Opinion filed June 10, 1976.

Donald M. Reno, Jr., and J. Steven Beckett, both of Reno, O'Byrne & Kepley, of Champaign, for appellants.

Paul R. Welch, State's Attorney, of Bloomington (G. Michael Prall, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

This is an obscenity action involving three defendants. On July 5, 1972, undercover police officers entered a Bloomington adult bookstore and purchased four sexually explicit magazines from defendant Gary Eugene Whitbeck. On July 18, 1972, officers bought five similar magazines at the same store from defendant Robert Hayden. Whitbeck and defendant

Clarence Allen Tannahill were the owners and operators of the store and Hayden was an employee. The State charged Whitbeck and Tannahill with nine counts of possession with intent to disseminate obscene materials in violation of section 11—20(a)(5) of the Criminal Code of 1961 (Ill. Rev. Stat. 1971, ch. 38, par. 11—20(a)(5)). They also charged Whitbeck and Tannahill with nine counts, and Hayden with five counts, of delivery of obscene material in violation of section 11—20(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1971, ch. 38, par. 11—20(a)(1)). A jury returned verdicts of guilty on all counts. The court ordered Tannahill and Whitbeck to pay fines of $400 for each of the nine possession charges and ordered Hayden to pay a fine of $100 for each of the five counts of delivery. The court was of the opinion that the delivery counts against Whitbeck and Tannahill arose from the same course of conduct as the possession charges so it did not sentence those two defendants for delivery. All three defendants appeal from the convictions and sentences, arguing the following eight points of error:

1. That the statute under which they were convicted is unconstitutionally vague.

2. That, even if constitutional, the statute, as recently interpreted by the Illinois Supreme Court, cannot be applied to them.

3. That the State failed to prove beyond a reasonable doubt that the magazines were obscene.

4. That the court committed reversible error in allowing evidence as to the contents, arrangement, and prices of other publications in the store.

5. That the State failed to prove knowledge of the contents of the magazines on the part of those defendants not actually present at the times of the sales.

6. That variances between the language of the complaints and the language of the jury verdict forms were fatal to the State's case.

7. That the court failed to properly instruct the jury on the permissible inference to be made from circumstantial evidence in this case.

8. That the sentences were excessive.

■■ We can deal with the first two issues summarily. Defendants argue that the Illinois obscenity statute does not comport with the standards set forth by the United States Supreme Court in *Miller v. California*, 413 U.S. 15, 37 L. Ed. 2d 419, 93 S. Ct. 2607. The Illinois Supreme Court has, however, examined that statute in the light of *Miller* and determined that it is constitutional. (*People v. Ridens*, 59 Ill. 2d 362, 321 N.E.2d 264; *People v. Gould*, 60 Ill. 2d 159, 324 N.E.2d 412.) Defendants urge that, despite these cases, this court should hold the statute unconstitutional. This, of course, we cannot do. When the Supreme Court has declared the law on any point, it alone can overrule and modify its opinion and we are

bound by its decision. *Agricultural Transportation Association v. Carpentier*, 2 Ill. 2d 19, 116 N.E.2d 863.

■■ Defendants also argue that the interpretation given *Miller* in *Ridens* cannot be applied to them retroactively. The Supreme Court addressed itself directly to this issue, as well, in *Ridens*, stating that:

"Our holding that section 11—20 of the Criminal Code * * * [is] construed to incorporate parts (a) and (b) of the *Miller* rather than the *Memoirs* standards may not be applied retroactively if to do so renders their construction less favorable to defendants. (*People v. Patton*, 57 Ill. 2d 43, 48.) In our opinion the changes do not have that effect, and we find no impediment to the retroactive application of the statute and ordinance as now construed." 59 Ill. 2d 362, 374-75, 321 N.E.2d 264, 270-71.

Defendants next argue that, given the constitutionality of the Illinois obscenity statute, and its applicability to them, the State nonetheless failed to prove that the magazines were obscene. At trial, defendants presented testimony in their favor from two psychologists on the issues of whether the magazines substantially exceeded contemporary statewide community standards in the representations of sexual matters, whether the magazines had social value, and whether they appealed to prurient interest. The only testimony the State presented was that of a minister who said that, in his opinion based on his experience as a minister, none of the magazines had any redeeming social value. The other two issues of community standards and prurient interest were entirely unrebutted by testimonial evidence.

■■ In *Paris Adult Theatre I v. Slaton*, 413 U.S. 49, 37 L. Ed. 2d 446, 93 S. Ct. 2628, decided on the same day as *Miller*, no expert evidence as to whether the materials were obscene was introduced. The court ruled, however, that the films themselves were obviously the best evidence of what they represent. Here, too, regardless of the presence of testimonial evidence, the magazines are evidence of their own obscenity and the factfinders, properly instructed as to the definition of "obscene," concluded that the magazines were, in fact, obscene. The magazines graphically depict sexual intercourse, masturbation, fellatio, cunnilingus, group sex and other varieties of sexual activity with emphasis typically focused on the genitals. Despite expert testimony to the contrary, we cannot say that the State failed to prove beyond a reasonable doubt that the magazines are obscene.

The defendants' fourth contention is that the court committed reversible error in allowing evidence as to the contents, arrangement, and prices of other publications not in issue. Several State's witnesses testified, over objection, to the effect that the inside of the store was divided into

three parts. The first portion contained comics and off-color magazines. The second room had a 50-cent admission fee, was restricted to persons beyond a certain age, and contained more risque materials. The prices of the magazines increased from one end of the second room to the other as the magazines became more sexually explicit. It was in this room that the witnesses purchased the nine magazines for which defendants were prosecuted. None of the witnesses entered the third room and it is irrelevant to the case.

■■ Defendants argue that the evidence of price, arrangement, and content of other magazines not purchased by the police officers was not legally relevant in that it was prejudicial to the defendants because it allowed the jury to convict all of the defendants for being connected with a "dirty book store" as opposed to a conviction because each of the magazines in evidence was obscene. Whether or not this was a "dirty book store" is indeed irrelevant to the case. However, proof of scienter is essential to any obscenity conviction and proof of the price, arrangement, and contents of other books in the store is probative of that issue. (*People v. DeVilbiss*, 41 Ill. 2d 135, 242 N.E.2d 761.) Moreover, the jury here was instructed on circumstantial evidence and the verdict forms clearly and individually named the magazines alleged to be obscene. We are persuaded that the defendants were convicted for dealing with the named books and not for involving themselves with a "dirty book store."

■■ Defendants' fifth argument is that the State failed to prove knowledge of the contents of the magazines on the part of those defendants not actually present at the times of the sales. Defendant Tannahill was not present during the sale of any of the books. Defendant Whitbeck was absent during the July 18 sale of five. As we have just noted, a finding of scienter is essential to a conviction for obscenity. However, eyewitness testimony of a store operator's perusal of a book is not a necessary element in proving his awareness of its contents; and the circumstances may warrant the inference that he was aware of what the book contained, despite his denial. (*Smith v. California*, 361 U.S. 147, 4 L. Ed. 2d 205, 80 S. Ct. 215.) That inference is warranted here. Although proof of ownership of the store alone may not necessarily be enough to prove scienter (*People v. Kimmel*, 34 Ill. 2d 578, 217 N.E.2d 785), Tannahill and Whitbeck stipulated that they were operators of the store as well. It is hardly conceivable that the operators of a store specializing in salacious books would not be aware of the contents of those books, especially where the magazines are clearly arranged and priced according to their sexual explicitness. At any rate, defendant owner-

operators cannot exculpate themselves by studious avoidance about a magazine's contents. (*People v. Sikora,* 32 Ill. 2d 260, 204 N.E.2d 768; *Smith v. California,* separate opinion of Frankfurter, J.) On the facts of this case we cannot hold as a matter of law that the State failed to prove scienter beyond a reasonable doubt.

The defendant's sixth argument is that variances between the language of the complaints charging them with obscenity and the language of the jury verdict forms were fatal to the State's case. Two variances are cited. First, all three defendants were charged with "delivery" of obscene materials, but the verdict forms stated, "We, the jury find the defendant, [name], guilty of *selling* obscene material, [name of magazine]." (Emphasis added.) Secondly, Tannahill and Whitbeck were charged with "possession with intent to disseminate" "scene materials, but the verdict forms stated: "We, the jury find defendant, [name], guilty of possessing obscene material, [name of magazine]." Defendants argue that the differences between "delivery" and "selling" and "possession with intent to disseminate" and mere "possession" are fatal variances.

Defendants face a jurisdictional hurdle on this issue. Although counsel objected to the State's verdict forms at the hearing, he failed to tender forms of his own. Ordinarily, a defendant cannot complain upon review that an instruction was not given if he has failed to tender that instruction at trial. (*People v. Lenker,* 6 Ill. App. 3d 335, 285 N.E.2d 807; *People v. Holt,* 7 Ill. App. 3d 646, 288 N.E.2d 245.) In this case, however, the hour was late when counsel raised his objection and he had discovered the variances only an hour earlier. He requested a continuance to prepare the 46 necessary verdict forms; but the court denied the continuance stating that:

> "the use of the words in these various forms for verdict of 'selling' and 'possessing' is merely a matter convenient to distinguish between the two types of charges that are involved in these two cases, and that the verdict forms do not purport to set out all of the elements of each offense, nor are they required to. So, the Court will give the People's Tendered Instructions 12 through 94."

Under these circumstances, in which counsel attempted to tender instructions and in which the attempt would apparently have been futile at any rate, we believe the objection is properly preserved for review. Hence, we will rule on the merits of the variance issue.

■■ Instructions to the jury in a criminal case must be based on the charge contained in the indictment. (*People v. McCauley,* 2 Ill. App. 3d 734, 277 N.E.2d 541.) However, a verdict is sufficient if the jury's intention can be ascertained with reasonable certainty from the language used in

the verdict. (*People v. Headrick*, 65 Ill. App. 2d 169, 212 N.E.2d 102.) All parts of the record will be searched and interpreted together in determining the meaning of a verdict and judgment. (*People v. Pignatelli*, 405 Ill. 302, 90 N.E.2d 761.) We conclude that the use of the word "sale" rather than "delivery" in the verdict form was not error because the words are nearly synonymous and, more importantly, the import of the word "sale" is inclusive of that of the word "delivery."

■■ As to possession, we note that the court gave the following instruction:

"To sustain the charge of obscenity, the State must prove the following propositions:

First: That the defendant sold, delivered or provided, or offered or agreed to sell, deliver, or provide, an obscene writing, record, or other presentation or embodiment of the obscene; or that the defendant created, bought, procured *or possessed obscene material with the intent to disseminate it.*" (Emphasis added.)

Defendant correctly asserts that possession of obscene materials, without more, cannot constitutionally be made a crime. (*Stanley v. Georgia*, 394 U.S. 557, 22 L. Ed. 2d 542, 89 S. Ct. 1243.) However, though the verdict forms here mentioned only possession and failed to mention intent to disseminate, we think it clear from the instruction above, read in conjunction with the verdict forms, that the jury convicted defendant of possession with intent to disseminate. Moreover, the evidence of defendants' intent was clear in that they possessed the books as inventory of a store engaged in the continuous operation of selling books and magazines. No reversal is required on the issue of intent to disseminate because the evidence of defendants' guilt on that issue is so clear that the jury could not reasonably have found defendants not guilty. *People v. Truelock*, 35 Ill. 2d 189, 220 N.E.2d 187.

Defendants' seventh argument is that the court erred in failing to properly instruct the jury on the permissible inferences to be made from circumstantial evidence. More specifically, they contend that the court erred in refusing to give the second paragraph of IPI Criminal 3.02 which reads:

"You should not find defendant guilty unless the facts and circumstances proved exclude any reasonable theory of innocence."

The committee notes indicate that this instruction should be given only if the proof of guilt is entirely circumstantial. See *People v. Brown*, 56 Ill. 2d 312, 307 N.E.2d 356.

■■ In this case, witnesses testified as to the purchase of the magazines. This is direct evidence on the issues of delivery and possession. Other witnesses testified as to community standards, prurient

interest, and social value. This is direct evidence on the issue of obscenity. Tannahill and Whitbeck stipulated they were owners and operators of the store. This, too, is direct evidence on the issue of possession. Hence, the proof in the case was not entirely circumstantial and the court properly denied the tendered instruction based on paragraph two of IPI Criminal 3.02.

Finally, defendants argue that their sentences are excessive. Tannahill and Whitbeck were each convicted on nine counts of possession with intent to disseminate and nine counts of delivery. The court, reasoning that the two types of crime resulted from a single course of conduct, sentenced only on the possession convictions. Hayden was convicted and sentenced for five counts of delivery. Defendants, relying on section 5—8—4(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4(a)), argue that, at most, two courses of conduct are involved, one on July 5 and one on July 18, by Tannahill and Whitbeck and that Hayden engaged in just one course of conduct, on July 18. Thus, they argue that Tannahill's and Whitbeck's fines should be reduced to $400 and that Hayden's should be reduced to $100.

The State argues that the sentencing issue is not properly before this court because it was not raised in defendants' original brief. This court granted defendants leave to file an additional brief directed at the issue of the impact of the then pending *Ridens* case. Defendants first raised the sentencing issue in this additional brief. Generally, points not raised in a principal brief are waived. (*Wenzell v. MTD Products, Inc.*, 32 Ill. App. 3d 279, 336 N.E.2d 125.) They cannot be raised in a reply brief. (*In re Estate of Trahey*, 25 Ill. App. 3d 727, 323 N.E.2d 813; Supreme Court Rule 341(e)(7).) These rules, however, are designed to protect the appellees from undue prejudice. In this case, the State was not prejudiced because it was not required to file its brief until after defendants had filed both of theirs. Therefore, we will consider the merits of the sentencing issue.

■■ Section 5—8—4(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4(a)) is inapplicable here. It is concerned with concurrent and consecutive terms of *imprisonment* for offenses which were committed as part of a single course of conduct. Section 5—9—1(a) (Ill. Rev. Stat. 1973, ch. 38, par. 1005—9—1(a)) is the applicable section. It provides that:

"An offender may be sentenced to pay a fine which shall not exceed for *each offense*:
    * * *
(2) For a Class A misdemeanor, $1000." (Emphasis added.)

In this case, even if the sales arose from the same course of conduct, an issue to which we do not address ourselves, they were all separate offenses. Each offense was subject to a separate fine under section 5—9—

1(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—9—1(a)).

Affirmed.

TRAPP, P. J., and GREEN, J., concur.