THE PEOPLE *ex rel.* FRANK RESNIK, Director of the State Department of General Services, Plaintiff-Appellant, *v.* CURTIS and DAVIS, ARCHITECTS and PLANNERS, INC., *et al.*, Defendants-Appellees.

Fourth District   No. 13890

Opinion filed February 24, 1978.—Rehearing denied April 4, 1978.

William J. Scott, Attorney General, of Chicago (George H. Klumpner, Assistant Attorney General, of counsel), for appellant.

McConnell, Kennedy, Quinn & Morris, of Peoria (Richard E. Quinn and Gery R. Gasick, of counsel), for appellee Curtis and Davis, Architects and Planners, Inc.

Heyl, Royster, Voelker & Allen, of Springfield (Gary Peplow, of counsel), for appellee Sachs Electric Co.

Mr. JUSTICE SLATER delivered the opinion of the court:

The State sued several architects and contractors for breach of contract. The trial court dismissed the amended complaint for two reasons: First, the State was not the proper party plaintiff; second, the defendant, Curtis & Davis, Architects and Planners, Inc. (C&D Inc.), was not a party to the contract.

Plaintiff appeals from that order dismissing its claims against fewer than all of the parties, pursuant to Supreme Court Rule 304 (Ill. Rev. Stat. 1975, ch. 110A, par. 304).

On April 26, 1966, the Illinois Building Authority (IBA) entered into a contract with Curtis & Davis Partnership (C&D Partnership) and Samuel E. Sanner & Associates, Inc., as joint venturers, for services preliminary to and during construction of the Vienna Correctional Center. On May 27, 1968, Sachs Electric Co. (Sachs) entered into a contract with IBA under which Sachs would provide electrical contracting services. On May 29, 1968, S.M. Wilson, Inc. (Wilson), entered into a contract with IBA under which Wilson would provide general contracting services. Prior to all of this, on August 20, 1965, a construction lease pertaining to the correctional center had been entered into with IBA as lessor and the State of Illinois, Department of Finance, as lessee.

The State acknowledges that at the time the contracts were entered into, the IBA was a public corporation and not a State agency. The State could not sue to enforce contracts entered into between the IBA and third parties. However, the State argues that the IBA has been made a State agency and, therefore, the State is the proper party plaintiff.

The State argues that it has statutorily succeeded to the interest of the IBA, that it was a third-party beneficiary, or that it had been assigned rights under the aforementioned lease.

A brief description of the nature of the IBA will be helpful.

The IBA was created by statute in 1961. (Illinois Building Authority Act, Ill. Rev. Stat. 1961, ch. 127, par. 213.1.) It served as a mechanism for the funding of State building projects at a time when the 1870 Constitution forbade a State budget deficit in excess of $250,000, absent a referendum.

Funding was accomplished by issuing IBA bonds, which were not State obligations. The bonds would be repaid over an extended period by leasing IBA buildings to the State for rental payments. It has been expressly decided that the IBA is not a State agency, but a separate corporation entity. *Berger v. Howlett* (1962), 25 Ill. 2d 128, 182 N.E.2d 673; see also *Electrical Contractors Association of City of Chicago, Inc. v. Illinois Building Authority* (1966), 33 Ill. 2d 587, 213 N.E.2d 761.

The constitution adopted in 1970 did not contain a debt proscription, and the funding scheme became unnecessary. In 1975, the General Assembly made several changes in the IBA Act. The State argues that these changes made the IBA a State agency. The provisions relied upon are: Illinois Building Authority Act (Ill. Rev. Stat. 1971, ch. 127, pars. 213.5(i), 213.6(d)); Capital Development Bond Act of 1972 (Ill. Rev. Stat. 1972 Supp., ch. 127, par. 757); Capital Development Board Act (Ill. Rev. Stat. 1973, ch. 127, par. 773); State Comptroller Act (Ill. Rev. Stat. 1973, ch. 15, par. 207); and, the State Auditing Act (Ill. Rev. Stat. 1973, ch. 15, par. 301.7).

The import of these citations, say defendants, is that the IBA has been made a State agency for some limited purposes, but for the purposes of suing on its contracts, the IBA is a legal entity, separate and apart from the State.

■■ Of the statutes cited above, the Capital Development Board Act is the most pertinent. Section 3 (par. 773) thereof expressly defines a State agency to include the IBA. Other provisions of the Act make it clear that the Board is to assume functions previously delegated to the IBA, and is to oversee the IBA and other State agencies in their performance of other functions. This leads us to the conclusion that the status of the IBA, as defined in *Berger*, has been altered by the legislature so that the IBA is now a State agency. Accordingly, we hold that the State of Illinois is the proper party plaintiff to sue for breach of an IBA contract.

Defendants claim that such a result would impair contractual obligations in violation of the Federal and State constitutions. Especially is this so, they say, because now they cannot counterclaim against the State. However, they can counterclaim to the extent that there would not be a net judgment against the State, and they may proceed against the State in the court of claims. We do not find a constitutional deprivation.

■■ Count II, against Sachs, alleges that all rights of recovery for breach of contract had been assigned to the State by the IBA in the lease of August 1975. The lease provision relied upon by plaintiff is not specifically identified in the complaint, but a reading of the lease discloses this:

> "* * * Lessor shall further procure from the said contractor or contractors all material and equipment guarantees and warranties

as may be required by the specifications for the construction of said Facilities, and hereby assigns to Lessee during the lease term all right, title and interest therein and agrees to do all things and execute all instruments necessary to enable Lessee to obtain the customary warranty or guarantee service thereon."

We consider this to be an effective assignment to the State of the right of the IBA to sue Sachs for breach of its contract. Consequently, we would be required to remand count II for trial, even had we found that the State was not the proper plaintiff in the preceding discussion.

■■ Three counts of the amended complaint are based on a third-party beneficiary theory: Counts I and III against the C&D entity and Samuel E. Sanner, and count IV against Sachs. The State does not directly raise this issue in its brief on appeal. The general rule is that issues not raised may be considered waived. (*People v. Tannahill* (1976), 38 Ill. App. 3d 767, 348 N.E.2d 847; Supreme Court Rule 341(e)(7) (Ill. Rev. Stat. 1975, ch. 110A, par. 341(e)(7)).) However, the rule of waiver is a limitation on the parties and not on the courts. Appellate courts have disregarded the waiver rule in order to achieve a just result (*Occidental Chemical Co. v. Agri Profit Systems, Inc.*, (1976), 37 Ill. App. 3d 599, 346 N.E.2d 482), and may do so for the maintenance of a sound and uniform body of precedent. (*Kaminski v. Illinois Liquor Control Com.* (1974), 20 Ill. App. 3d 416, 314 N.E.2d 290.) As *Tannahill* points out, the rule is intended only to protect appellees from undue prejudice. We consider that the public policy consideration inherent in suing for the recovery of large sums of public money outweighs any prejudice that may be visited upon defendants if they are required to defend against these claims at trial. We will discuss the third-party beneficiary theory on the merits. Illinois has long recognized the theory of recovery by a third-party beneficiary. *Carson Pirie Scott & Co. v. Parrett* (1931), 346 Ill. 252, 257-58, 178 N.E. 498, 501:

"The rule is settled in this State that if a contract be entered into for a direct benefit of a third person not a party thereto, such third person may sue for breach thereof. The test is whether the benefit to the third person is direct to him or is but an incidental benefit to him arising from the contract. If direct he may sue on the contract; if incidental he has no right of recovery thereon. * * *

* * * [E]ach case must depend on the intention of the parties as that intention is to be gleaned from a consideration of all of the contract and the circumstances surrounding the parties at the time of its execution."

In count I of the instant case, plaintiff alleged that the State of Illinois was a third-party beneficiary to a contract between the IBA and C&D, Inc. The written contract clearly demonstrates that the parties intended to

construct facilities "for the use of the Department of Public Safety, State of Illinois." Count III is the same as I, but substitutes the partnership for the corporation. The IBA, as it was obligated to do, obtained a promise to perform architectural services for the benefit of the State, thereby making the State a creditor beneficiary to the contract.

Count IV states a similar cause of action against Sachs, but based on a different contract. This contract does not expressly refer to the State as a beneficiary. The complaint alleges that the parties to the contract knew the State to be a beneficiary because of the terms of a lease attached to the complaint as exhibit F, but there is no exhibit F attached. There is, however, a lease attached as exhibit C and it does provide for construction of penitentiary facilities at Vienna for the Department of Public Safety. The contract with Sachs was for "Completion of Buildings and Facilities ISP Vienna, Illinois."

■■ We find that proper causes of action were pleaded in counts I, III, and IV. Therefore, independent of any other statement in this opinion, these counts would be remanded for trial.

The record discloses that the plaintiff initially sued C&D in its corporate form. The defendant moved to dismiss for the reason that it was not a party to the contract. Plaintiff moved for leave to file an amended complaint, stating on information and belief that both the partnership and corporation forms of C&D had provided services. Subsequently, an amended complaint was filed. Alternative counts were set forth, count I against the corporation, and count III against the partnership.

■■ Where a plaintiff is in doubt as to the person from whom he is entitled to redress, he may join two or more defendants and state his claim against them in the alternative. (Civil Practice Act, Ill. Rev. Stat. 1975, ch. 110, par. 24; 1 Nichols, Illinois Civil Practice §316 (1976).) We are of the opinion that the amended complaint could more clearly have set forth that plaintiff was in doubt as to which entity was liable. However, plaintiff raised this doubt in the trial court by motion, and we deem this sufficient.

The order of the trial court is reversed and the cause is remanded for proceedings consistent with this opinion.

Reversed and remanded.

REARDON, P. J., and CRAVEN, J., concur.