**Marion Ray CARVER, Appellee,**

v.

**Mr. Joe R. MARTIN and the Attorney General of The State of South Carolina, Daniel R. McLeod, Appellants.**

**No. 81–6152.**

United States Court of Appeals, Fourth Circuit.

Argued Aug. 7, 1981.

Decided Nov. 24, 1981.

Donald J. Zelenka, Asst. Atty. Gen., Columbia, S. C. (Daniel R. McLeod, Atty. Gen., Brian P. Gibbes, Senior Asst. Atty. Gen., Columbia, S. C., on brief), for appellants.

Randall M. Chastain, Associate Professor of Law, University of South Carolina, Columbia, S. C., for appellee.

Before RUSSELL, WIDENER and HALL, Circuit Judges.

RUSSELL, Circuit Judge:

The defendant was indicted and convicted of criminal sexual conduct with minors in the state court in violation of § 16–3–655, Criminal Code of South Carolina (1976). He appealed to the State Supreme Court, which, in an unpublished per curiam opinion, affirmed the conviction. In connection with that appeal the defendant raised by a *pro se* memorandum "the issue of ineffective trial representation." The Supreme Court refused to consider such issue, stating that it could "be properly considered on application for Post-Conviction Relief pursuant to 1976 S.C. Code Section 17–27–10 *et seq.*" Without proceeding in the state court for Post-Conviction Relief, the defendant filed his habeas petition in the district court. In his petition he alleged three constitutional violations in his conviction. These were that (1) he was denied effective representation of counsel in (a) that he was tried and convicted under a statute that had been repealed, without objection by his counsel, and (b) that his counsel refused to have certain witnesses testify to relevant facts and (2) the South Carolina trial court was without jurisdiction because the alleged crime occurred in North Carolina. The district court dismissed as without merit claims (1), (1)(b) and (2), and we find no error in such ruling. However, it sustained claim (1)(a) and granted habeas relief. From that decision this appeal was taken. We reverse.

It would be sufficient for reversal that the defendant has not exhausted state remedies, though invited to do so by the State Supreme Court on his ineffective representation of counsel claim. This, however, would require extensive additional litigation and it is apparent in the record that claim (1)(a) is without merit. We have

chosen, therefore, to rule on the ground on which the district court granted habeas relief and thereby avoid unnecessary additional litigation.

The claim that the defendant had been tried under a repealed statute arose in an unusual way. For many years the crime generally described as statutory rape had been included in § 16–3–650 of the South Carolina Code. In the 1977 session of the State legislature this portion of the criminal code was revised and now appears as new § 16–3–655. The charge against the defendant involved an occurrence on September 4, 1977, about two months after the effective date of the new statute. The warrant dated September 4, 1977, under which the defendant was arrested, identified the crime charged by reference to the repealed statute but the indictment itself, later returned, correctly stated the crime in the language of the new statute. At the trial itself it is clear that all parties understood that the crime for which the defendant was being tried was that stated in the new statute. Thus, the presiding judge, in instructing the jury, identified the relevant statute as "House Bill 233–89 . . . ratified on the 7th day of June and signed by the Governor on the 13th day of June, 1977."

After correctly identifying the statute under which the defendant was being tried, the presiding judge proceeded to read or summarize to the jury the terms of the new statute, and to describe the several forms of verdict the jury might return. After such instruction had been given the foreman of the jury requested clarification of the forms of verdict and the presiding judge amplified his statement of the several types of crimes under the new statute by describing as the "fourth" possible verdict a finding of guilty of the crime of "Criminal Sexual Conduct of [sic] a minor." He stated the circumstances under which such a verdict could only be returned: ". . . if you find that there was no force, but the person is guilty of criminal sexual conduct if the person is over the age of fourteen but under the age of sixteen, if there was consent, that is statutory rape and carries a penalty of not over ten years—no, it's twenty years."

This description of the crime follows substantially the language of § 16–3–655(3). Later, the jury requested additional instructions on possible verdicts "number three [i. e., criminal sexual conduct in the first degree, § 16–3–655(1)] and number four [i. e., criminal sexual conduct in the second degree, § 16–3–655(3)]." The presiding judge did so, stating:

" . . . a person is guilty of criminal sexual conduct in the first degree if the Actor engages in sexual battery with the victim who is less than eleven years of age and the Actor is at least three years older than the victim. A person is guilty of criminal sexual conduct in the Second Degree if the Actor engages in sexual battery with a victim who is more than fourteen years of age, but who is less than sixteen years of age and the Actor is in position of familial, custodial or official authority to coerce the victim to submit."

It will be observed that criminal sexual conduct in the stated degrees, as expressed in the instructions just quoted, is substantially the same as the language used by the presiding judge earlier in stating the elements of that offense, identifying it as "statutory rape."

What the defendant contends is that by describing at one point in his instructions the crime charged against the defendant, for which he was convicted, as "statutory rape" the presiding judge was subjecting the defendant to trial for a crime under the repealed act and, by finding him guilty of "statutory rape," the jury had convicted him under the repealed act. We do not agree. In his instruction, the presiding judge clearly was not instructing the jury under the repealed act. He knew that § 16–3–650 had been repealed and so stated in unmistakable terms to the jury. He recognized that the defendant could only be prosecuted under the new act, which, as we have said, he had read to the jury. And there is no question that, in describing the offense as "statutory rape" he was referring to the crime as stated in the new act. It is true that the term "rape" is not used in the new act but does appear in the repealed

act. The description of the elements of the offense itself, as given by the presiding judge, is, however, substantially the same in both the repealed and the new act. It has long been common practice in South Carolina to refer to the crime of consensual sexual intercourse with a "woman child" under the age of sixteen years as statutory rape.[1] Such crime was formerly codified as § 16–3–650. However, in the mid-seventies a question arose about the constitutionality of that statute, since it applied only to males.[2] It was for the purpose of removing this possibility of unconstitutionality that the new section was adopted. While the new statute was expressed in slightly different terms,[3] the essential elements of the crime in both the repealed and the new statute, were, as we have said, the same.

 Since the two statutes and the elements of the offense thereby covered are in essence the same, we perceive no error in generally referring to the crime created by § 16–3–655(3) as "statutory rape," the term which had been generally used to describe the crime, both under the repealed and the new statute.[4] Nor do we find any defect in the verdict as stated ("statutory rape.")[5] A "verdict is sufficient if the jury's intention can be ascertained with reasonable certainty from the language used in the verdict."[6] There could have been no uncertainty in the minds of the court, the prosecutor or the defendant of the crime of which the defendant was convicted, as the sentencing record establishes.

Based on our examination of the record, we are satisfied that the defendant was tried and convicted under the new statute, § 16–3–655(3), that the presiding judge instructed the jury on the basis of that new statute, and that the verdict of "statutory rape" as returned by the jury conformed to the language of the new statute as set forth in § 16–3–655(3). And though the issue has not directly been presented to the state court in a post-conviction proceeding, we are convinced by its language on the direct appeal in this case that the South Carolina Supreme Court, which, in affirming the conviction of the defendant under the new statute, described the crime as "statutory rape," would reach the same result we have.

The grant of habeas relief herein by the district court is accordingly

REVERSED.

---

1. See State v. Whitener, 228 S.C. 244, 270, 89 S.E.2d 701 (1955); State v. Wilson, 162 S.C. 413, 429, 161 S.E. 104, 81 A.L.R. 580 (1931); Lear v. Commonwealth, 195 Va. 187, 77 S.E.2d 424, 427 (1953); 65 Am.Jur.2d § 15 at p. 769; 75 C.J.S. § 13 at p. 478.

2. Meloon v. Helgemoe, 564 F.2d 602 (1st Cir. 1977), cert. denied, 436 U.S. 950, 98 S.Ct. 2858, 56 L.Ed.2d 793; cf., Hall v. McKenzie, 537 F.2d 1232 (4th Cir. 1976).

3. The new statute, for instance, does use a different term for the phrase "carnal knowledge" as found in the old statute. This new phrase is "sexual battery," but it is defined in the statute itself as meaning "sexual intercourse," which is the meaning of "carnal knowledge" in the old statute. § 16–3–651(h).

4. See authorities cited in note 1.

5. We are confirmed in this view by the action of the State Supreme Court which, in affirming the defendant's conviction, referred to his crime as "statutory rape."

6. People v. Tannahill, 38 Ill.App.3d 767, 348 N.E.2d 847, 852 (1976); State v. Smith, 299 N.C. 533, 263 S.E.2d 563 (1980); DeVaney v. State, (1972) 259 Ind. 483, 288 N.E.2d 732, 739; Peterson v. State, (Tex.Crim.App.1974) 508 S.W.2d 844, 849; Peters v. Smith, 42 Wis.2d 541, 167 N.W.2d 250, 254 (1969); People v. Savala, 2 Cal.App.3d 415, 82 Cal.Rptr. 647 (1969); see also, 76 Am.Jur.2d § 1168, at p. 134.