THE VILLAGE OF MORTON, Plaintiff-Appellee, *v.* CHARLES THOMAS, Defendant-Appellant.

Third District   No. 82—801

Opinion filed August 9, 1983.

Patrick A. Tuite, of Chicago, for appellant.

Thomas E. Davies, of Elliff, Keyser, Oberle & Davies, P.C., of Morton, for appellee.

JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from a judgment finding defendant Thomas guilty of violating the Morton village ordinance proscribing the offense of obscenity.

The Morton village ordinance is based on section 11—20 of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 11—20), and the defense in this cause is predicated upon the contention that the ordinance is unconstitutional, as violating the first amendment rights of defendant Thomas. The ordinance involved states:

> " 'Obscene' defined: A thing is obscene if, considered as a whole, its predominant appeal is to prurient interest, that is, a shameful or morbid interest in nudity, sex, or excretion, and if it goes substantially beyond customary limits of candor in description or representation of such matters. A thing is obscene even though the obscenity is latent, as in the case of undeveloped photographs."

The complaint in the action charged that defendant violated the ordinance in showing certain motion picture films which had a predominant appeal to the prurient interest, and that the films went substantially beyond customary limits of candor, description and representation of sexual matters, and described and depicted sexual matters in a patently offensive way and had no artistic, literary, scientific or educational value or significance.

Prior to trial, the defendant moved the court to dismiss the complaint on the grounds that the ordinance upon which it was based and the complaint itself were unconstitutional as not being within the acceptable definition of obscenity as set forth by Illinois law on the subject. The motion was properly denied. Following a trial by jury, defendant Charles Thomas was found guilty and sentenced to serve 60 days in the Tazewell County jail and to pay a fine of $500. The defendant was released on his personal recognizance, pending disposition of this appeal.

At the trial, the village submitted a jury instruction which complied with the Illinois standard of obscenity and also included therein that the obscene material was required to be utterly without redeeming social value.

The complaint for violation of the ordinance asserted that the film referred to had a predominant appeal to the prurient interest, goes substantially beyond customary limits of candor in the description and

representation of sexual matters, describes and depicts sexual matters in a patently offensive way and has no apparent artistic, literary, scientific or educational value or significance and that the defendant knew the nature and content thereof or recklessly failed to exercise reasonable inspection which would have disclosed the nature or the contents thereof.

The directive of the United States Supreme Court in *Miller v. California* (1973), 413 U.S. 15, 37 L. Ed. 2d 419, 93 S. Ct. 2607, taken in consideration with the Illinois decision in *People v. Ridens* (1974), 59 Ill. 2d 362, 321 N.E.2d 264, defines obscenity in Illinois.

The village of Morton asserts that the ordinance was and is constitutional, since it is based upon and copied from section 11–20 of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 11–20), and, also, that it has been ruled upon by both the United States Supreme Court and the Supreme Court of the State of Illinois. The village also points out that in all instances, the Illinois obscenity statute has been upheld and, accordingly, the village of Morton ordinance should be upheld.

It is noted that the United States Supreme Court in *Ward v. Illinois* (1977), 431 U.S. 767, 52 L. Ed. 2d 738, 97 S. Ct. 2085, considered the constitutionality of the Illinois statute and upheld it in a decision delivered by Justice White. The court upheld the statute and rejected the defendant's claim of vagueness or overbroadness. The *Ward* basic argument raised by the defendant was similar to that raised by defendant in this case, in his motion that the applicable law does not define with particularity the type of conduct prohibited. The United States Supreme Court rejected this argument and held that the standards set forth in *Miller v. California* (1973), 413 U.S. 15, 37 L. Ed. 2d 419, 93 S. Ct. 2607, had been met. In *Ward*, Justice White noted that *Miller* set forth the basic constitutional parameters in determining obscenity where he set forth the guidelines to be used:

" '*** (a) whether "the average person, applying contemporary standards" would find that the work, taken as a whole, appeals to the prurient interest ***; (b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law; *** (c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value.' " *Ward v. Illinois* (1977), 431 U.S. 767, 768-69, 52 L. Ed. 2d 738, 743, 97 S. Ct. 2085, 2087.

■■ It is noted, in the cases, that the determination of whether or not part of the *Miller* test on specificity has been met requires an examination of not only the law itself but the construction of the same

by the State court. Justice White analyzed the key Illinois court decisions construing the statute and said, "As we see it, Illinois has not failed to comply with *Miller*, and its statute is not overbroad." (*Ward v. Illinois* (1977), 431 U.S. 767, 774, 52 L. Ed. 2d 738, 746, 97 S. Ct. 2085, 2090.) Justice White noted therein that the Illinois Supreme Court in *People v. Ridens* (1974), 59 Ill. 2d 362, 321 N.E.2d 264, had construed the Illinois statute to incorporate parts (a) and (b) of the *Miller* standards. With regard to part (c) of the *Miller* standard, the Illinois court "preferred" to retain the "utterly without redeeming social value" standard of *Memoirs v. Massachusetts* (1966), 383 U.S. 413, 16 L. Ed. 2d 1, 86 S. Ct. 975, rather than the "more relaxed criterion contained in part (c) of the *Miller* guidelines." *Ward v. Illinois* (1977), 431 U.S. 767, 774, 52 L. Ed. 2d 738, 746, 97 S. Ct. 2085, 2090.

■ It is noted that Justice White observed that the Illinois Supreme Court, in *Ridens*, intended to adopt part (b) of *Miller* where he stated:

> "The Illinois court plainly intended to conform the Illinois law to part (b) of *Miller*, and there is no reason to doubt that, in incorporating the guideline as part of the law, the Illinois court intended as well to adopt the *Miller* examples, which gave substantive meaning to part (b) by indicating the kinds of materials within its reach. The alternative reading of the decision would lead us to the untenable conclusion that the Illinois Supreme Court chose to create a fatal flaw in its statute by refusing to take cognizance of the specificity requirements set down by *Miller*." (*Ward v. Illinois* (1977), 431 U.S. 767, 775, 52 L. Ed. 2d 738, 747, 97 S. Ct. 2085, 2090.)

We also note that Justice White expressly rejecting the contention that the State law itself must provide an "exhaustive list of the sexual conduct the patently offensive description of which may be held obscene under the statute." (*Ward v. Illinois* (1977), 431 U.S. 767, 776, 52 L. Ed. 2d 738, 747, 97 S. Ct. 2085, 2091.) In upholding the Illinois law, Justice White stated:

> "Since it is plain enough from its prior cases and from its response to *Miller* that the Illinois court recognizes the limitations on the *kinds* of sexual conduct which may not be represented or depicted under the obscenity laws, we cannot hold the Illinois statute to be unconstitutionally overbroad." (431 U.S. 767, 776, 52 L. Ed. 2d 738, 747, 97 S. Ct. 2085, 2091.)

The appellee contends that the United States Supreme Court and the Illinois Supreme Court have clearly and unequivocally determined this

issue.

It is pointed out that the case of *City of Delavan v. Thomas* (1975), 31 Ill. App. 3d 630, cited by defendant, was decided prior to *Ward* and must be viewed in that light. The appellee states that the United States Supreme Court specifically held that the obscenity statute, read together with the pronouncements of the Illinois Supreme Court, is such that the obscenity law is valid and not unconstitutional. All courts which have considered the issue, have held the obscenity statute to be valid; and there has not been any authority or justification offered by defendant to mandate a complete reversal of this well-settled law.

In support of this position see *People v. Tannahill* (1976), 38 Ill. App. 3d 767, 770-71, 348 N.E.2d 847, where the court stated:

> "Defendants urge that, despite these cases [referring to *People v. Ridens* (1974), 59 Ill. 2d 362, and *People v. Gould* (1975), 60 Ill. 2d 159], this court should hold the statute unconstitutional. This, of course, we cannot do. When the Supreme Court has declared the law on any point, it alone can overrule and modify its opinion and we are bound by its decision. *Agricultural Transportation Association v. Carpentier*, 2 Ill. 2d 19, 116 N.E.2d 863."

The appellee correctly observes that the clear holdings of the Illinois Supreme Court and the United States Supreme Court uphold the constitutionality of the Illinois obscenity act and the ordinance of the village of Morton.

■ Thus, we note that the Illinois act defines "obscene" precisely as the Morton village ordinance does. Also, we have noted that in *People v. Ridens* (1974), 59 Ill. 2d 362, *the Illinois court* preferred to retain the "utterly without redeeming social value" standard. Implicitly, the prosecution is required to apply the standard in support of its prosecution in "obscene" cases. In the instant case, the trial court, at the prosecutor's request, gave the jury, as the fact finder, instructions specifying that the prosecutor must prove, under the court's direction, that the "obscene" films shown were, also, in fact, "utterly without redeeming social value." This the prosecutor did, as shown by the record in the case. The record supports the judgment in the case.

For the reasons stated, and on the record in this cause, the judgment of the circuit court of Tazewell County is affirmed.

STOUDER, P.J., and SCOTT, J., concur.