THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT LeCOMPTE, Defendant-Appellant.

Fifth District   No. 5—92—0648

Opinion filed March 31, 1994.—Rehearing denied April 29, 1994.

Daniel M. Kirwan and Edwin J. Anderson, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Robert Haida, State's Attorney, of Belleville (Norbert J. Goetten, Stephen E. Norris, and Scott A. Manuel, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE RARICK delivered the opinion of the court:

Defendant, Robert LeCompte, was charged in the circuit court of St. Clair County with three counts of criminal sexual assault. The victim, C.B., was the eight-year-old daughter of the woman with whom LeCompte was living. The victim testified that LeCompte committed various sexual acts with her on numerous occasions. The victim's aunt, Jessica Capper, testified that on one occasion when C.B. had been visiting, she became very upset when told it was time to go home. According to Capper, C.B. told her that LeCompte had been having sex with her for over six months. Capper informed C.B.'s mother, and they took C.B. to a pediatrician. C.B. was later examined at Cardinal Glennon Children's Hospital by Dr. Timothy Fete, a pediatrician and member of the hospital's sexual abuse clinic. Based on C.B.'s history, her behavior, and his examination, Dr. Fete opined that C.B. had been sexually assaulted. Defendant denied committing any sexual acts with C.B. He testified that he felt he and C.B. got along well, although he occasionally had to discipline her. Defendant also testified that he believed C.B.'s familiarity with sexual acts was the result of having seen pornographic movies at Capper's home. He further testified that C.B. had been caught in a lie, telling relatives that she took baths with defendant.

At the conclusion of the trial, the trial court instructed the jury and indicated a guilty and not guilty verdict form would be provided for each count.

The not guilty verdict form for count I stated:

"We, the jury, find the defendant Robert LeCompte Not Guilty of the offense of Aggravated Criminal Sexual Assault in that the defendant placed his penis in the vagina of [C.B.]."

The not guilty verdict form for count II stated:

> "We, the jury, find the defendant Robert LeCompte Not Guilty of the offense of Aggravated Criminal Sexual Assault in that the defendant placed his penis in the anus of [C.B.]."

The not guilty verdict form for count III stated:

> "We, the jury, find the defendant Robert LeCompte Not Guilty of the offense of Aggravated Criminal Sexual Assault in that the defendant placed his penis in the mouth of [C.B.]."

The jury found LeCompte guilty on all three counts. Believing that consecutive sentences were mandatory, the trial court sentenced LeCompte to three consecutive terms of 20 years' imprisonment.

On appeal, defendant argues that he was denied a fair trial and the right to due process of law because the verdict forms did not permit the jury to acquit him. He maintains that the not guilty verdict forms assumed the truth of the disputed fact—whether defendant had sexually penetrated C.B.—and required the jury to find that he had in fact committed the acts of which he was accused before it could find him not guilty. We do not agree.

■ Initially, we note that defendant did not object to the verdict forms, did not tender alternative verdict forms, and did not raise the issue in a post-trial motion. Generally, failure to make a timely objection, tender alternative instructions, or raise the issue in a post-trial motion waives the issue. (*People v. Duffie* (1990), 193 Ill. App. 3d 737, 741, 550 N.E.2d 691, 693 (citing *People v. Huckstead* (1982), 91 Ill. 2d 536, 543, 440 N.E.2d 1248, 1251, and *People v. Tannenbaum* (1980), 82 Ill. 2d 177, 181, 415 N.E.2d 1027, 1029-30).) Defendant maintains that despite these failures, the issue should be considered under the plain error doctrine of Supreme Court Rule 451(c) (134 Ill. 2d R. 451(c)). While defendant is correct that where conflicting instructions are given, one of which is a correct statement of the law and the other is an incorrect statement of the law, the error is not harmless (*People v. Haywood* (1980), 82 Ill. 2d 540, 545, 413 N.E.2d 410, 413) and constitutes grave error under Rule 451(c), we conclude that no grave error occurred.

■ Jury instructions must not be viewed in isolation, but the entire charge to the jury should be considered as a whole. (*People v. Hester* (1989), 131 Ill. 2d 91, 544 N.E.2d 797.) Where a series of instructions, considered together, correctly states the applicable law, a party may not single out one instruction which, standing alone, may not be accurate. (*People v. Thibudeaux* (1981), 98 Ill. App. 3d 1105, 1121, 424 N.E.2d 1178, 1192.) In the present case, the following issues instructions were given:

> "To sustain the charge of aggravated criminal sexual assault, as

charged in Count I, the State must prove the following propositions.

First: That the defendant committed an act of sexual penetration upon [C.B.] in that the defendant placed his penis in the vagina of [C.B.]; and

Second: That the defendant was 17 years of age or older and that [C.B.] was under 13 years of age when the act was committed.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, you should find the defendant guilty.

If you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, you should find the defendant not guilty."

"To sustain the charge of aggravated criminal sexual assault, as charged in Count II, the State must prove the following propositions:

First: That the defendant committed an act of sexual penetration upon [C.B.] in that the defendant placed his penis in the mouth of [C.B.]; and

Second: That the defendant was 17 years of age or older and that [C.B.] was under 13 years of age when the act was committed.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, you should find the defendant guilty.

If you find from your consideration of all the evidence that each of these propositions has not been proved beyond a reasonable doubt, you should find the defendant not guilty."

"To sustain the charge of aggravated criminal sexual assault, as charged in Count III, the State must prove the following propositions:

First: That the defendant committed an act of sexual penetration upon [C.B.] in that defendant placed his penis in the anus of [C.B.]; and

Second: That the defendant was 17 years of age or older and that [C.B.] was under 13 years of age when the act was committed.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, you should find the defendant guilty.

If you find from your consideration of all the evidence that each of these propositions has not been proved beyond a reasonable doubt, you should find the defendant not guilty."

The jury was further instructed:

"The defendant is charged with the offenses of 3 counts of Aggravated Criminal Sexual Assault. You will receive six forms of verdict. As to each charge, you will be provided with both a 'not

guilty' and 'guilty' form of verdict. From these two verdict forms with regard to a particular charge, you should select the one verdict form that reflects your verdict on that charge and sign it as I have stated."

Defendant argues that the verdict forms are in direct conflict with the issues instructions. We do not agree. The "not guilty" verdict forms submitted were variations of Illinois Pattern Jury Instructions, Criminal, No. 26.02 (2d ed. Supp. 1989), which reads as follows:

"We, the jury, find the defendant _____ not guilty [of _____]."

In the present case the term "sexual assault" was inserted in the appropriate space in each of the pattern "not guilty" verdict forms, and the specific acts constituting sexual assault as charged in the count in question were added to enable the jury to differentiate between the three counts upon which it was to render verdicts. The alleged conflict arises only if, as defendant contends, the not guilty verdict forms are interpreted to require the jury to find that the defendant committed the acts in question in order to find him not guilty. While the verdict forms are inartful, to so interpret them is patently unreasonable, and we do not believe that any rational jury would do so. This is particularly true where, as here, the issues instructions clearly state that if *any* of the elements of the offense charged are not found to be proved beyond a reasonable doubt, the defendant is to be found not guilty thereof.

A verdict is sufficient if the jury's intention can be ascertained with reasonable certainty. (See *People v. Tannahill* (1976), 38 Ill. App. 3d 767, 774, 348 N.E.2d 847, 852-53, citing *People v. Headrick* (1965), 65 Ill. App. 2d 169, 212 N.E.2d 102.) We presume that the jurors understood and followed the instructions given them. (*People v. Bernard* (1986), 149 Ill. App. 3d 684, 695, 500 N.E.2d 1074, 1081.) Viewing the instructions to the jury as a whole, we conclude that the jury intended to find defendant guilty on all three counts.

Defendant next contends that the trial court imposed consecutive sentences based upon a mistaken belief that consecutive sentences were mandatory under section 5—8—4(a) of the Code of Criminal Procedure of 1963 (730 ILCS 5/5—8—4(a) (West 1992)). Defendant contends that contrary to what the trial court believed, consecutive sentences were not mandated by section 5—8—4(a). The State concedes this issue in its brief, and both parties cite *People v. Bole* (1993), 155 Ill. 2d 188, 613 N.E.2d 740, wherein our supreme court held that section 5—8—4(a) does not require mandatory consecutive sentences where different crimes have been committed on different days. Accordingly, we remand the cause to the trial court for a new sentencing hearing.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is affirmed in part and reversed in part, and this cause is remanded with directions to conduct a new sentencing hearing.

Affirmed in part; reversed in part and remanded with directions.

LEWIS, P.J., and WELCH, J., concur.