THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
CEDRIC DUFFIE, Defendant-Appellant.

Second District   No. 2—88—0408

Opinion filed February 9, 1990.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, and Daniel D. Yuhas and Gary R. Peterson, both of State Appellate Defender's Office, of Springfield, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (William L. Browers, Robert J. Biderman, and Rebecca L. White, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE UNVERZAGT delivered the opinion of the court:

Following a jury trial, on February 24, 1988, defendant, Cedric Duffie, was convicted of: (1) armed violence in that, defendant, while armed with a pistol, committed aggravated battery by shooting Steven Anthony in the leg, causing great bodily harm (count IV); (2) armed violence in that, defendant, while armed with a pistol, committed aggravated battery by shooting Steven Anthony in the leg while he was on a public way (count VIII); and (3) armed violence in that, defendant, while armed with a pistol, committed aggravated battery by shooting Terry Walls in the leg while he was on a public way (count X). Defendant was acquitted of attempted murder as alleged in

counts V and VI of the information. The other counts were nol-prossed. On April 22, 1988, the trial court sentenced defendant on counts IV and X, and imposed concurrent, extended terms of 45 years' imprisonment for each of the two counts.

Defendant appeals his convictions and sentences, contending that (1) defendant was denied his right to a fair trial because the jury was given inconsistent and contrary instructions regarding the required elements of armed violence; and (2) the trial court improperly considered the infliction of bodily harm as a factor in aggravation in imposing sentence where bodily harm is a factor implicit in the offense of armed violence premised upon aggravated battery. We affirm.

At trial, the evidence established that the Walls family resided at 931 McAlister Street in Waukegan, Illinois. Defendant's family lived two blocks away at 840 South Utica Street. The two families had a hostile relationship over a substantial period of time. In June 1987, defendant and his brothers, Offiel and Zakee Duffie, approached James Walls. The Duffie brothers were looking for James' brother, Larry. Defendant claimed that Larry owed defendant's niece some money. James Walls testified that defendant had told him he was looking for his brother to "mess him up." An argument ensued which erupted into a fight. James testified that, after the fight, defendant said, "Tell your brother I'm looking for him to kill him. I'm not just gonna hurt him."

On June 21, 1981, the Walls were having a family barbecue at their home. Terry Walls testified that, at about 2 p.m., a black van drove by the home passing by the car in which Terry was sitting at about five feet away. Terry stated that defendant started firing six to eight shots from a sliding door in the back of the van. One of the shots struck Steven Anthony in the leg. One shot struck the window of the car in which Terry was seated; a piece of lead struck Terry's arm, and a piece of glass struck his knee.

At trial, Terry and Mark Walls and their cousin, Mildred Smith, identified defendant as the individual who had fired the shots from the van. Officer Martinez stated that the police who responded to the incident found in the rear of the Duffie residence a black van matching the description reported to them; the van was impounded.

Florida Duffie, defendant's mother, stated that defendant was asleep in the basement bedroom of their home at the time of the incident. Defendant's brother, Demetrius, testified that, on the same day, Mark Walls had driven by his house in a white car and yelled, "We're going to get you guys."

Louis Woods testified that he was the owner of the black van. On

the day in question, it was in the possession of Demetrius Duffie, who held it as collateral for a loan to Woods.

Officer Louis Moore testified that he interviewed Mark Walls following the incident. Mark informed him that one of the Duffies had a handgun in his hand and started shooting at the crowd. After their conversation, Mark identified defendant's photograph from a photographic lineup and stated that defendant was the one who had shot at him.

Defendant was eventually arrested in Dallas, Texas.

Defendant first argues that the trial court erred in giving the jurors non-Illinois Pattern Jury Instruction forms (non-IPI or IPI) which omitted an element of the offense of armed violence and allowed them to find defendant guilty of the offense without specifying the mental state required for that offense. Defendant claims that the verdict forms were inconsistent or contradictory to the issues instructions regarding armed violence and aggravated battery. Defendant concedes that the jury was properly instructed by the appropriate IPI instructions regarding the definitions and elements of armed violence, which stated:

> "To sustain the charge of armed violence, the State must prove the following propositions:
>
> *First*: That the defendant committed the offense of aggravated battery; and
>
> *Second*: That when he committed the offense of aggravated battery he was armed with a dangerous weapon.
>
> If you find from your consideration of all the evidence that each one of these propositions has been proved beyond a reasonable doubt, you should find the defendant guilty.
>
> If you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, you should find the defendant not guilty." Illinois Pattern Jury Instructions, Criminal, No. 11.20 (2d ed. 1981) (hereinafter IPI Criminal 2d).

The jury was also given the appropriate IPI instructions regarding the definitions and elements of aggravated battery. For instance, the definitional instructions stated:

> "A person commits the offense of aggravated battery when he, in committing a battery, knowingly causes great bodily harm to the person harmed." (IPI Criminal 2d No. 11.07.)
>
> "A person commits the offense of aggravated battery when he, in committing a battery, commits the battery upon a person who is on or about a public way, public property, or public place

of accommodation or amusement." (IPI Criminal 2d No. 11.09(10).)

"A person commits the offense of battery when he, knowingly without legal justification and by any means causes bodily harm to another person." (IPI Criminal 2d No. 11.05.)

Pursuant to the foregoing instructions, the jury could find the defendant guilty of armed violence only if the prosecution proved beyond a reasonable doubt that he acted *knowingly*.

However, the jury was also given the following non-IPI verdict forms:

"We, the jury, find the defendant, Cedric Duffie, guilty of the offense of Armed Violence for causing great bodily harm to Steven Anthony with a dangerous weapon.

We, the jury, find the defendant, Cedric Duffie, Guilty of the offense of Armed Violence for causing great bodily harm to Terry Walls while Terry Walls was on the public way with a dangerous weapon."

The foregoing verdict forms differ somewhat from the Illinois Pattern Jury Instructions, which would have simply normally stated the title of the offense:

"We, the jury, find the defendant guilty of the offense of [armed violence]." IPI Criminal 2d No. 26.05.

■■ Supreme Court Rule 451(a) mandates that whenever there is an applicable IPI instruction, that instruction shall be used "unless the court determines that it does not accurately state the law." (107 Ill. 2d R. 451(a).) Defendant asserts that the failure to give an IPI verdict form in this case served to confuse the jury; furthermore, the rule in Illinois is that, when conflicting instructions are given, one of which is a correct statement of the law and the other is an incorrect statement of the law, the error is not harmless (*People v. Haywood* (1980), 82 Ill. 2d 540, 545). Defendant notes that the giving of contrary instructions constitutes plain error under Rule 451(c) (107 Ill. 2d R. 451(c)) and concludes, therefore, that his failure to object to the instruction in the trial count does not result in a waiver of this issue on review and the error thus requires reversal. We disagree.

■ Not all errors in the giving of instructions require reversal under the plain-error exception to the waiver rule. The general rule is that the failure to object at trial to an asserted error in jury instructions waives the question, and no party may raise the failure to give an instruction unless he tendered it at trial. (*People v. Huckstead* (1982), 91 Ill. 2d 536, 543.) Similarly, the failure to raise the issue in a post-trial motion also effectively waives the issue for appellate review pur-

poses. *People v. Tannenbaum* (1980), 82 Ill. 2d 177, 181.

■ In this case, defendant neither objected to the instructions at trial nor tendered any alternate instructions. Additionally, defendant failed to raise the issue in his post-trial motion. Thus, the issue is waived. Even under Rule 451(c) (107 Ill. 2d R. 451(c)), the plain-error exception to the waiver rule is narrowly restricted to the correction of "grave errors" or to situations where the case is close factually, and fundamental fairness requires that the jury be properly instructed. Huckstead, 91 Ill. 2d at 547.

■ The plain-error exception has no application here since no grave error was committed. The error complained of consists of a very slight deviation from the format found in the IPI jury *verdict forms* and is not "contrary" to the correctly stated *issues instructions* so amply supplied to the jury. It is obvious that the jury verdict forms merely require that the name or title of the offense be inserted into a generic form. In the present case, the named offenses were amplified only sufficiently to enable the jury to identify which offenses had been passed on, that is, the circumstances of the offense committed upon Steven Anthony as opposed to the circumstances of the offense committed upon Terry Walls. There is no requirement that the jury verdict forms recite the precise elements of the crime so long as the offense is properly identified. Where, as in this case, the issues instructions specifically informed the jury of all the material elements of the offense charged, there was no error in submitting a more general verdict form. *People v. Roy* (1988), 172 Ill. App. 3d 16, 25; *People v. Yettke* (1981), 95 Ill. App. 3d 365, 370.

■ Moreover, it is well established that instructions are to be considered as a whole and not singly. Where a series of instructions, considered together, correctly state the applicable law, a party may not single out one instruction which, standing alone, may not be accurate. *People v. Thibudeaux* (1981), 98 Ill. App. 3d 1105, 1121; *People v. Juve* (1969), 106 Ill. App. 2d 421, 427.

■ We also observe that there was no contradiction between the jury verdicts and the issues instructions, and defendant acknowledges that the issues instructions were correctly given. The verdict forms were merely less complete than the issues instructions. Taken together, the issues instructions correctly stated the law and allowed the jury to perform its function. (See *People v. Jenkins* (1977), 69 Ill. 2d 61, 66.) Had the IPI verdict forms been used, the verdict would have consisted merely in stating the title of the offense without any reference to the precise elements of the crime. Because of the multiple, similar counts charged in this case, the trial court clearly found it neces-

sary to add the circumstances of each count in order to identify each count for the benefit of the jury and for the clarity of the record. The recent committee note following verdict form 26.05, the form advocated by defendant, supports our analysis:

"In all cases, the title of each offense under consideration by the jury for a possible guilty verdict should be identical to the title of that offense as set forth in each issues instruction.

The opening sentence of the issues instructions as well as the guilty and not guilty verdict forms may be expanded in appropriate cases to distinguish among the different ways a particular charge is before the jury." (Illinois Pattern Jury Instructions, Criminal, No. 26.05, Committee Note, at 401 (2d ed. Supp. 1989).)

Here, the verdict forms were properly expanded to distinguish the ways in which each particular charge was before the jury. We find no error stemming from the form of the verdicts that were given.

■ Defendant next contends that, since bodily harm is a factor implicit in the offense of armed violence premised upon aggravated battery, the trial court improperly considered the infliction of bodily harm as a factor in aggravation in determining defendant's sentence for the two counts of armed violence. This argument was rejected in *People v. Lampton* (1982), 108 Ill. App. 3d 41, where the court stated:

"A trial judge may properly consider in sentencing a defendant, conduct which causes bodily harm even in those cases where great bodily harm is arguably implicit in the offense for which a defendant is convicted. (*People v. Hert* (1981), 95 Ill. App. 3d 871, 874.) The amount of harm sustained by a victim in a given situation varies from case to case. It is not a constant but one of degree. Its consideration depends not on the classification of the offense but the peculiar conduct of the actor, which is an ever-changing variable. A sentencing judge does not err in considering the amount of harm as a statutory aggravating sentencing factor in such context." 108 Ill. App. 3d at 47.

In *People v. Russell* (1986), 143 Ill. App. 3d 296, this court also adopted the reasoning of *Lampton* in affirming the imposition of consecutive sentences for the commission of two counts of armed violence premised on aggravated battery. Relying on *Lampton*, this court held that the defendant's consecutive sentences were not the result of an improper, double enhancement of the sentence, stating:

"[W]e believe there can be a difference between the degree of great bodily harm which a jury may, as the trier of fact, find sufficient to find a defendant guilty of aggravated battery and

the degree of severe bodily injury which the court may find, in the exercise of its judicial discretion, to be one of the factors which warrants a consecutive sentence." *Russell*, 143 Ill. App. 3d at 304.

In the present case, the trial court announced its reasons for the sentence in the following terms:

"THE COURT: There are some factors in aggravation which the Court, of course, has to consider, and primarily that would be the defendant's history of prior delinquencies, criminal activity, I think the injury clause [*sic*] inherent in the aggravated battery upon which the armed violence charge is predicated. I think a sentence is necessary to deter others.

\* \* \*

But in the meantime, sir, I am going to, based on the prior convictions for a Class X felony, sentence you to an extended term of forty-five years as to each of these two counts to which I'm entering judgment on, and make that sentence concurrent."

■ It is clear that, in considering factors in aggravation, the trial court did not rely solely or principally on the harm caused by defendant, but considered also defendant's extensive criminal history and the need to deter others. It is also clear that the basis for the 45-year extended term was defendant's prior convictions of Class X felonies within the prior 10-year period, a circumstance which the State brought to the trial court's attention. (See Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—3.2(b)(1).) We do not consider the trial court's imposition of a 45-year sentence to be disproportionate based on its consideration of the appropriate factors; the trial court could have imposed a term of 60 years. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—2(a)(2).) The record reveals that the trial court properly considered the arguments of counsel, the presentence investigation report, the defendant's right of allocution, and the statutory factors in mitigation and aggravation. The trial court was best suited to tailor the sentence to the needs of this case, and he balanced the appropriate factors in imposing sentence. (See *Russell*, 143 Ill. App. 3d at 309.) We find no abuse of discretion warranting a reversal or modification of its judgment.

Finding no error in the instructions given to the jury or in the imposition of sentence, we affirm the judgment of the circuit court of Lake County.

Affirmed.

McLAREN and REINHARD, JJ., concur.