THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SHELLY R. TRACY, Defendant-Appellant.

Third District    No. 3—96—0997

Opinion filed July 18, 1997.—Rehearing denied August 20, 1997.

Kenneth A. Kozel (argued), of La Salle, for appellant.

Michael James, State's Attorney, of Ottawa (John X. Breslin and Judith Z. Kelly (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCUSKEY delivered the opinion of the court:

Following a jury trial, the defendant, Shelly R. Tracy, was convicted of passing a school bus that was stopped for the purpose of receiving or discharging pupils (625 ILCS 5/11—1414(a) (West 1996)). She was fined $150 and appeals her conviction.

On appeal, the defendant argues that: (1) the trial court should have appointed a special prosecutor because Stephen R. Paul, an assistant State's Attorney, testified at the defendant's trial; (2) the trial court should have suppressed a statement the defendant made to Paul; (3) the State failed to prove the *corpus delicti* of the crime; (4) the evidence was not sufficient to prove the defendant guilty beyond a reasonable doubt; (5) the defendant was denied her right to a fair trial because the trial court prevented her from presenting evidence to show Paul's bias against her; (6) the trial court failed to properly instruct the jury; and (7) section 11—1414 of the Illinois Rules of the Road (Rules of the Road) (625 ILCS 5/11—1414 (West 1996)) is unconstitutional or unconstitutional as applied to her.

Following our careful review of the record, we find no merit to any of the defendant's contentions and affirm.

## FACTS

Donald Olson is the president of Olson Bus Service, Incorporated. On October 31, 1995, Olson was driving a school bus as a substitute for the regular bus driver. At 3:20 p.m., Olson was picking up students at Seneca Grade School to take them home. The bus he was driving was third in a line of seven buses that were parked on a public street by the school. The buses had their eight-way lights on, stop arms out, and the flashing lights on the stop arms were working properly. All the lights on Olson's bus were in proper working order and functioning on the day in question. Olson saw a white Nova drive by the school buses. The license plate number on the car was YDF 711. Olson could not see who was driving the Nova or how many persons were in the car. After the Nova passed his bus, Olson used his cellular telephone to alert the Seneca police department.

George Lamboley, an officer with the Seneca police department,

received a call from the dispatcher regarding a white car passing school buses. Lamboley asked the dispatcher to run the vehicle's license plate number. The dispatcher informed the officer that the car was registered to Lori Tracy. Olson later signed a traffic citation against Lori Tracy. The citation was mailed to the home address listed for Lori Tracy.

The first appearance date on the citation was December 6, 1995. On that date, Stephen R. Paul, an assistant State's Attorney, called Lori's name in the courtroom. William Tracy, Lori's father, and the defendant, Lori's mother, approached Paul after they heard him call Lori's name. Lori's parents told Paul that Lori was not coming because she lived in Chicago. According to Paul, the defendant then told him that it was not right that Lori had been charged with the offense because the defendant was the person who passed the school buses. Subsequently, on February 28, 1996, the trial court granted the State's motion to enter a *nolle prosequi* order and dismissed the charge against Lori with leave to reinstate. On April 3, 1996, the defendant was charged with committing the offense of passing a school bus.

On April 22, 1996, the defendant filed a motion for discovery. The State's answer stated that its trial witnesses would be Olson and Officer Lamboley. The answer was signed by Assistant State's Attorney Paul. On July 3, 1996, the State filed an amended answer to the discovery request. This answer listed Paul as a witness and was signed by another assistant State's Attorney, Niels F. Bringsjord. The defendant then filed a motion to suppress her statements to Paul. This motion was denied on August 14, 1996, following a hearing. On August 30, 1996, the defendant filed a motion seeking the appointment of a special prosecutor because Paul was going to testify as a witness. The trial judge noted that it was within his discretion to appoint a special prosecutor. The judge determined that a special prosecutor was not warranted in this case because Paul was not the complaining witness.

A jury trial was held on September 17, 1996. Bringsjord prosecuted the case. Olson and Officer Lamboley testified regarding the occurrence, and Paul testified about the defendant's statement. Paul told the jury that he was an assistant State's Attorney and worked with Bringsjord. He testified that he dismissed the charge against Lori after the defendant made her statement to him on December 6, 1995. He said that he was not assigned to prosecute the defendant's case. The trial court sustained the State's objections to the defendant's questions on cross-examination regarding Paul's involvement as a prosecutor in the defendant's case. However, the original answer to

the defendant's discovery request, which was signed by Paul, was admitted into evidence over the State's objection.

The defendant denied telling Paul that she passed the school buses. She said that she had never in her life "passed a school bus that was loading with the arms out and the lights flashing." During cross-examination by the State, the defendant testified that she was working as a teacher at the Seneca Grade School. She testified she was teaching at the school on October 31, 1995. She said she drove one of the five cars her family owned to school that day. However, she said she didn't know which one she drove. She testified the bell rings at 3:16 p.m. for dismissal, but she does not get out of school until 10 or 15 minutes after the bell rings. She did admit talking to Paul on December 6, 1995.

The jury began deliberations and sent the judge a note asking: "What date were the charges against Lori Tracy officially dropped [and] Shelly charged with the charge of passing a stopped school bus?" The trial judge denied the defendant's request that the jury be instructed that the charge against Lori had not been officially dismissed. The judge wrote back to the jury that it was to "decide the case based on the evidence presented in court and my instructions on the law." The jury found the defendant guilty, and the court imposed a fine of $150. The defendant's posttrial motion was denied, and this timely appeal followed.

## ANALYSIS

### CRIME CHARGED

■ Section 11—1414(a) of the Rules of the Road provides that the driver of a vehicle must stop before meeting or overtaking a school bus stopped for the purpose of receiving or discharging pupils. 625 ILCS 5/11—1414(a) (West 1996). The section also states that the school bus is required to have its signal arm extended and its red signal lamps flashing when it is stopped to load or discharge pupils. 625 ILCS 5/11—1414(b), (c) (West 1996). A person convicted of violating subsection (a) is subject to a three-month suspension of driving privileges and a mandatory $150 fine. 625 ILCS 5/11—1414(f) (West 1996). Section 11—1414(f) provides the *owner* of a vehicle alleged to have violated subsection (a) may be required to identify the operator of the vehicle. 625 ILCS 5/11—1414(f) (West 1996).

### ISSUES RAISED

#### I. Special Prosecutor

The defendant initially claims that a special prosecutor should have been appointed because Paul, an assistant State's Attorney, testified as a prosecution witness. We disagree.

■ A special prosecutor should be appointed where the State's Attorney is "interested" in the cause or proceeding. 55 ILCS 5/3—9008 (West 1996). A State's Attorney is "interested" for purposes of the statute *only* where he is interested as a private individual or his office is a party to the action. *People v. Morley*, 287 Ill. App. 3d 499, 504, 678 N.E.2d 1235, 1237 (1997); *People v. Dall*, 207 Ill. App. 3d 508, 530, 565 N.E.2d 1360, 1373 (1991). The decision whether to appoint a special prosecutor rests within the discretion of the trial court. *Morley*, 287 Ill. App. 3d at 504, 678 N.E.2d at 1237. In *Morley*, the court stated that a special prosecutor is *not* required where a witness is employed by a state, county or local agency, including the State's Attorney's office. *Morley*, 287 Ill. App. 3d at 505, 678 N.E.2d at 1238.

■ Further, in *Sommer v. Goetze*, 102 Ill. App. 3d 117, 120, 429 N.E.2d 901, 903 (1981), the case primarily relied upon by the defendant, this court held that the trial court abused its discretion when it did not appoint a special prosecutor where "the assistant State's Attorney was the *complainant* and key eyewitness." (Emphasis added.) Here, in the case at hand, the trial court specifically recognized that *Sommer* was distinguishable because Paul was not the complaining witness. Accordingly, we find that the trial court did not abuse its discretion when it refused to appoint a special prosecutor.

## II. Motion to Suppress Statements

The defendant next argues that the trial court should have granted her motion to suppress the statement she made to Assistant State's Attorney Paul. The defendant claims that the statement should have been suppressed because: (1) it was made as part of plea negotiations and was not admissible pursuant to Supreme Court Rule 402(f) (134 Ill. 2d R. 402(f)); and (2) she was not advised of her *Miranda* rights prior to making the statement. We disagree with both contentions.

In ruling on the defendant's motion to suppress, the trial court noted that the situation in this case was highly unusual. Here, the defendant appeared at a first return date for a charge against her daughter. She and her husband approached Paul and told him that their daughter was not there because she lived in Chicago. The defendant then voluntarily told Paul that it was not right that her daughter had been charged because she was the person who passed the school buses. The trial court noted that the defendant had not been charged prior to making her statement. The court also specifically found that the defendant's comment was not elicited by Paul.

■ Supreme Court Rule 402(f) provides: "If a plea discussion does not result in a plea of guilty ***, neither the plea discussion nor any

resulting agreement, plea, or judgment shall be admissible against the defendant in any criminal proceeding." 134 Ill. 2d R. 402(f). The defendant's voluntary and spontaneous statement regarding a charge against her daughter was clearly not part of a plea discussion. At the time the statement was made, the defendant had not been accused of any crime and did not have a reasonable expectation of negotiating a plea. See *People v. Ramirez*, 244 Ill. App. 3d 136, 146, 613 N.E.2d 1116, 1123 (1993) (statement is made during the course of a plea discussion only where the *accused* exhibited a subjective expectation to negotiate a plea and the expectation was reasonable under the totality of objective circumstances). Accordingly, we find that Supreme Court Rule 402(f) does not apply in this case.

Moreover, statements that are voluntarily made are admissible at trial. See *People v. Melock*, 149 Ill. 2d 423, 447, 599 N.E.2d 941, 951 (1992). A person's entitlement to *Miranda* warnings is triggered *only* when she is subjected to custodial interrogation or otherwise deprived of her freedom in any significant way. *Miranda v. Arizona*, 384 U.S. 436, 444, 16 L. Ed. 2d 694, 706, 86 S. Ct. 1602, 1612 (1966); *Melock*, 149 Ill. 2d at 439, 599 N.E.2d at 948. Here, we find that the defendant was obviously not subjected to custodial interrogation, nor was she deprived of her freedom in any way. Accordingly, there is absolutely no merit to the defendant's claim that she should have been warned that anything she said could be used against her later in a court of law. After reviewing the record, we conclude that the trial court properly found there was no basis for suppressing the defendant's statement.

### III. *Corpus Delicti*

Based on *People v. Furby*, 138 Ill. 2d 434, 563 N.E.2d 421 (1990), the defendant argues that the State did not prove the *corpus delicti* of the case because no witness saw the defendant driving the car that passed the school buses. Again, we disagree with the defendant's argument.

In *Furby*, our supreme court reaffirmed its position that proof of the *corpus delicti* of a crime may not rest exclusively on a defendant's extrajudicial confession or statement. *Furby*, 138 Ill. 2d at 446, 563 N.E.2d at 426. The court noted that proof of guilt for a criminal offense may be divided into proof: (1) that an injury or loss occurred; (2) that the cause was criminal in nature; and (3) that the accused was the offender. The court stated that the first two components are termed the *corpus delicti*. *Furby*, 138 Ill. 2d at 445-46, 563 N.E.2d at 425. Essentially, then, proof of the *corpus delicti* is proof that a crime occurred. The court in *Furby* specifically said that

"the identity of the accused as the offender *** is *not* considered part of the *corpus delicti.*" (Emphasis added.) *Furby*, 138 Ill. 2d at 446, 563 N.E.2d at 425. Accordingly, we find no requirement in the law that the defendant's identity as the offender must be corroborated by evidence apart from the defendant's own extrajudicial statements. *People v. Strickland*, 154 Ill. 2d 489, 522-23, 609 N.E.2d 1366, 1381 (1992).

■ In this case, Olson testified that a white Nova drove by seven school buses that were stopped to pick up students to take them home after school. He testified that the arms of the buses were extended and the lights were flashing. Olson's testimony was sufficient to show that a violation of section 11—1414(a) of the Rules of the Road had occurred. Olson's testimony was all that was required to prove the *corpus delicti* of the crime. As a result, the defendant's statement that she was the one who drove by the school buses was only necessary to prove the identity of the offender, not the *corpus delicti* of the crime. See *Strickland*, 154 Ill. 2d at 522-23, 609 N.E.2d at 1381.

## IV. Reasonable Doubt

■ The defendant next claims that she was not proved guilty beyond a reasonable doubt. When the sufficiency of the evidence is challenged in a criminal case, the test on review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Collins*, 106 Ill. 2d 237, 261, 478 N.E.2d 267, 277 (1985).

Here, in addition to Olson's testimony, Officer Lamboley testified that the car Olson observed was registered to Lori Tracy, the defendant's daughter. Paul testified that the defendant told him she was the person who passed the school buses. At trial, the defendant admitted being at the school that day. She also admitted driving one of the five cars owned by her family. Based on the *Collins* standard, this evidence was sufficient for the jury to conclude that the defendant was guilty beyond a reasonable doubt.

## V. Cross-examination of Paul

The defendant next contends she was denied her right to a fair trial because she was prevented from showing the jury that Paul was initially the prosecutor assigned to the case. Moreover, the defendant argues that she was not allowed to introduce Lori's file into evidence to show that the charge against Lori was dismissed with leave to reinstate.

■ The law is well settled in this state that admission of evidence

collateral to an issue and offered to affect the credibility of a witness rests within the sound discretion of the trial court. *People v. Batac*, 259 Ill. App. 3d 415, 426, 631 N.E.2d 373, 382 (1994). Absent an abuse of that discretion, a reviewing court will not disturb the trial court's ruling. *Batac*, 259 Ill. App. 3d at 426, 631 N.E.2d at 382.

■ In the case at hand, the defendant wanted to show that Paul was biased against her because of his interest as a prosecutor in the case. In fact, the jury was informed that Paul was a prosecutor and worked with Bringsjord, who was prosecuting the case. In addition, the answer to the defendant's discovery request which was signed by Paul was admitted into evidence over the State's objection. From our review of the record, we find that the trial court did not abuse its discretion when it refused to allow the additional, and cumulative, evidence the defendant sought to introduce at trial.

■ Further, the trial court did not abuse its discretion when it refused to admit the defendant's collateral evidence regarding Lori's court file. Paul testified that the charge against Lori had been dismissed. The record confirms that the charge *was* dismissed. We agree with the trial court that the fact Lori's case was dismissed with leave to reinstate was not relevant to the charges against the defendant. For these reasons, we affirm the trial court on this issue.

## VI. Jury Instructions

■ The defendant next claims that the jury received improper jury instructions. She specifically argues that the offense that appeared on the verdict form was "passing a stopped school bus." She contends that the verdict form was not accurate because it did not include all the elements of the offense. We find no merit to this contention.

The law is well settled that there is no requirement that the jury verdict forms recite the precise elements of the crime so long as the offense is properly identified. *People v. Duffie*, 193 Ill. App. 3d 737, 742, 550 N.E.2d 691, 694 (1990). Where, as here, the issues instruction specifically informed the jury of all the elements of the offense, there is no error in submitting a more general verdict form. *Duffie*, 193 Ill. App. 3d at 742, 550 N.E.2d at 694. Moreover, it is well established that instructions are to be considered as a whole and not singly. *Duffie*, 193 Ill. App. 3d at 742, 550 N.E.2d at 694. Where the instructions, considered together, correctly state the applicable law, a party may not challenge an instruction which, standing alone, may not be accurate. *Duffie*, 193 Ill. App. 3d at 742, 550 N.E.2d at 694. After reviewing the record in this case, we find the instructions, considered together, correctly state the applicable law. Consequently, we find no error in the trial court's jury instructions.

## VII. Unconstitutionality of Statute

The defendant finally argues that the statute she was convicted of violating is unconstitutional because it precluded her from being sentenced to court supervision. Again, we disagree. Nothing in section 11—1414 of the Rules of the Road provides that court supervision is not a permissible sentence. However, section 5—6—1(f) of the Unified Code of Corrections (Code) was amended, effective August 2, 1995, to state that the provisions concerning an order of supervision shall *not* apply to a defendant charged with violating section 11—1414 of the Rules of the Road. 730 ILCS 5/5—6—1(f) (West 1996).

Even if this court considered the defendant's argument as a challenge to the constitutionality of section 5—6—1(f) of the Code, we find no merit to the argument. The defendant has not cited any case law which states that this provision of the law is an unconstitutional use of legislative power. Accordingly, the defendant's claim fails.

For the reasons stated, the judgment of the circuit court of La Salle County is affirmed.

Affirmed.

SLATER and HOLDRIDGE, JJ., concur.