No. 2--02--0976

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court 

OF ILLINOIS,       )   of Lake County.

     )

Plaintiff-Appellee,     ) 

 )

v. ) No. 99--CF--2970

 ) 

 ) 

WALTER LANG, ) Honorable

       ) John T. Phillips and

 ) Victoria A. Rossetti,

Defendant-Appellant.   )   Judges, Presiding.

______________________________________________________________________________

JUSTICE GILLERAN JOHNSON delivered the opinion of the court:

Following a jury trial, the defendant, Walter Lang, was convicted of driving with a revoked license (625 ILCS 5/6--303(a) (West 1998)) and was sentenced to 2½ years' imprisonment.  On appeal, the defendant argues that the trial court erred in denying his motion to appoint a special prosecutor where the complainant and key eyewitness for the State was an assistant State's Attorney closely involved in the prosecution of the case.  We reverse and remand for additional proceedings.

The record reveals that on September 7, 1999, the defendant was in court on a charge of driving with a revoked license.  The defendant's driver's license had been previously revoked for driving under the influence of alcohol.  The defendant also had a prior conviction of driving while his license was revoked.  After the proceedings, Lake County Assistant State's Attorney Daniel Kleinhubert followed the defendant to a parking garage.  Kleinhubert tried to avoid being seen by the defendant.  At one point, he hid behind some potted flowers.  Later, he stood behind a shaded glass window
 near the staircase in the parking garage.  Kleinhubert observed the defendant get into his vehicle and drive away from the courthouse.  Kleinhubert then informed a police officer about the incident, and the officer secured a warrant to arrest the defendant.  The defendant was subsequently charged with driving while his license was revoked.

Sometime thereafter, the defendant filed a motion to appoint a special prosecutor in his case.  On June 22, 2000, the trial court heard arguments on the defendant's motion.  Defense counsel argued that because Kleinhubert was a witness in the pending case, a special prosecutor should be appointed to avoid the appearance of impropriety and to preserve the integrity of the court.  Defense counsel also argued that Kleinhubert had a conflict of interest, and the conflict extended to other prosecutors in the Lake County State's Attorney's office.  Kleinhubert, arguing on behalf of the State, acknowledged that he could not represent the State during the defendant's trial.  However, he argued that another attorney from the Lake County State's Attorney's office could prosecute the defendant at trial.  The trial court agreed and denied the defendant's motion to appoint a special prosecutor.  However, the trial court ruled that Kleinhubert could not participate in the prosecution of the defendant's case.

Following the trial court's ruling, Kleinhubert appeared on behalf of the State at 23 court dates for status hearings or pretrial conferences.  On July 15, 2002, the case ultimately proceeded to a jury trial and was prosecuted by Lake County Assistant State's Attorney Shannon Castellano.  Kleinhubert was the sole witness at the trial to testify as to observing the defendant commit the instant offense.  At the close of the trial, the jury convicted the defendant of driving while his license was revoked.  The trial court subsequently sentenced the defendant to 2½  years' imprisonment.  The defendant thereafter filed a timely notice of appeal.

The defendant's sole contention on appeal is that the trial court abused its discretion in not appointing a special prosecutor, independent of the Lake County State's Attorney's office, to prosecute him.  The defendant argues that the integrity of the court was harmed where a lone prosecutor acted as a complainant, prosecuted the case for 19 months, and testified as the key eyewitness at trial.

Prior to considering the merits of the defendant's contention, we first address the State's argument that the defendant has waived review of his contention.  The State first argues that the defendant has waived review of his contention because he has not included in the record his written motion seeking to appoint a special prosecutor.  The States argues that, in the absence of a complete record on appeal, it must be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis.  See 
People v. Fair
, 193 Ill. 2d 256, 264 (2000).

We do not believe that application of the waiver doctrine on this basis is proper in the instant case.  Although the record on appeal does not include the defendant's motion seeking a special prosecutor, the record on appeal does include the record of proceedings from the hearing on the defendant's motion.  From this record, we can ascertain the basis of the defendant's motion and the trial court's basis in denying it.  As such, we decline to find that the defendant has waived this issue on this basis.

The State additionally argues that the defendant has waived review of the trial court's ruling due to the defendant's conduct in the proceedings below.  Specifically, the State argues that the defendant waived review because (1) after the trial court's ruling, the defendant did not object to Kleinhubert's repeated appearances on the State's behalf; (2) the defendant's new counsel filed a new motion seeking the appointment of a special prosecutor, but his counsel never requested a hearing on that motion; and (3) the defendant failed to raise this issue in a posttrial motion.  In response to these arguments, the defendant asks us to consider his contention nonetheless because his failure to properly preserve the issue was the result of ineffective assistance of trial counsel.  The defendant also requests that we consider his contention under the plain error doctrine.

We agree with the State that the defendant has not properly preserved this issue for our review.  See 
People v. Enoch
, 122 Ill. 2d 176, 187 (1988) (arguments not raised at trial or in a posttrial motion are waived for review).  Nonetheless, we elect to consider the defendant's contention under the plain error rule pursuant to Supreme Court Rule 615(a) (134 Ill. 2d R. 615(a)).  The plain error rule may be invoked in a criminal case to review an error that has not been properly preserved if either the evidence was closely balanced or the error was of such magnitude that the defendant was denied a fair trial.  
People v. Hindson
, 301 Ill. App. 3d 466, 473-74 (1998).  Here, because we believe that the trial court's refusal to appoint a special prosecutor potentially affected the defendant's right to a fair trial, we will consider the merits of his contention under the plain error doctrine.  See generally 
Sommer v. Goetze
, 102 Ill. App. 3d 117, 120 (1981) (refusal to appoint a special attorney for the State deprived the petitioner of a fair hearing).

Article VI, section 19, of the Illinois Constitution provides for the election of a State's Attorney in each county.  Ill. Const. 1970, art. VI, §19.  The powers and duties of a State's Attorney include commencing and prosecuting all actions, civil and criminal, in which the people of the State may be concerned.  55 ILCS 5/3--9005(a)(1) (West 1998).  However, when a State's Attorney is interested in any cause or proceeding, civil, or criminal, which it is or may be his or her duty to prosecute, the court may appoint some other competent attorney to prosecute such cause or proceeding.  55 ILCS 5/3--9008 (West 1998).  The purpose of this provision is to prevent any influence upon the discharge of the duties of the State's Attorney by reason of personal interest.  
People v. Morley
, 287 Ill. App. 3d 499, 503-04 (1997).  The decision to appoint a special prosecutor rests within the sound discretion of the trial court.  
People v. Polonowski
, 258 Ill. App. 3d 497, 503 (1994).  A special prosecutor can be appointed at any stage of the case.  
Baxter v. Peterlin
, 156 Ill. App. 3d 564, 566 (1987).

In 
Morley
, this court explained that there are only two situations in which the Attorney General or the State's Attorney could be considered to be interested so as to authorize the appointment of a special Attorney General or State's Attorney.  
Morley
, 287 Ill. App. 3d at 504.  Those two situations are where the attorney is (1) interested as a private individual in the litigation or (2) is an actual party to the litigation.  
Morley
, 287 Ill. App. 3d at 504, citing 
Environmental Protection Agency v. Pollution Control Board
, 69 Ill. 2d 394, 400-01 (1977).  Because neither of those situations applies in the instant case, the State argues that the trial court did not abuse its discretion in not appointing a special prosecutor in the case.  The defendant responds, however, that the appointment of a special prosecutor is also required if a failure to do so would possibly undermine the integrity of the court.  See 
Sommer
, 102 Ill. App. 3d at 12; see also 
People v. Courtney
, 288 Ill. App. 3d 1025 (1997).

In 
Sommer
, a Tazewell County assistant State's Attorney filed a complaint against a Tazewell County sheriff's deputy, following an altercation between the attorney and the deputy.  The Tazewell County sheriff filed misconduct charges against the deputy with the sheriff's merit commission.  At the hearing before the merit commission, the sheriff was represented by the Tazewell County State's Attorney.  The deputy objected to the State's Attorney's representation, arguing that a conflict of interest existed because an assistant State's Attorney was the complaining party and the key eyewitness to the alleged altercation.  The merit commission denied the deputy's objection and ultimately dismissed him from his position with the sheriff's office.  The deputy argued on appeal that he was denied a fair hearing because the merit commission should have appointed a disinterested attorney to prosecute the sheriff's case.  
Sommer
, 102 Ill. App. 3d at 117-19.  The reviewing court agreed and held that the deputy was entitled to a new hearing.  
Sommer
, 102 Ill. App. 3d at 121.  
The reviewing court held that, where the "assistant State's Attorney was the complainant and key eyewitness, *** it was an abuse of discretion to refuse appointment of a disinterested attorney to prosecute the charges brought against [the] [d]eputy."  
Sommer
, 102 Ill. App. 3d at 120. 
  The reviewing court explained that a lower court must appoint a disinterested attorney when necessary to promote the policy of a just, fair, and impartial hearing.  
Sommer
, 102 Ill. App. 3d at 120. 
 

In 
Courtney
, the defendant's former trial counsel became head of the Kankakee County State's Attorney's office, the office that was prosecuting the defendant.  The defendant requested the appointment of a special prosecutor in his case due to the appearance of a conflict of interest.  The defendant's trial ultimately proceeded without the appointment of a special prosecutor, and the defendant was convicted.  
Courtney
, 288 Ill. App. 3d at 1030-31.  On appeal, the reviewing court reversed with directions that the defendant receive a new trial with a special prosecutor.  
Courtney
, 288 Ill. App. 3d at 1034.  The  reviewing court explained that, where a conflict involves the head of the State's Attorney's office, a special prosecutor should be appointed because of the 

" 'overriding requirement that the public must be able to maintain the right to believe in the total integrity of the Bar as a whole.' "  
Courtney
, 288 Ill. App. 3d at 1033, 
quoting 
State v. Cooper
, 63 Ohio Misc. 1, 6-7, 409 N.E.2d 1070, 1073 (1980).  The reviewing court also explained that 

" '[j]ustice and the law must rest upon the complete confidence of the thinking public and to do so they must avoid even the appearance of impropriety.' "  
Courtney
, 288 Ill. App. 3d at 1033, quoting 
Arizona v. Latigue
, 108 Ariz. 521, 523, 502 P.2d 1340, 1342 (1972).

We agree with the defendant that, in addition to the situations set forward in 
Morley
, the appointment of a special prosecutor may also be required if it is necessary to remove the appearance of impropriety in the prosecution of a defendant.  See 
Courtney
, 288 Ill. App 3d. at 1033; 
Sommer
, 102 Ill. App. 3d at 120.  
We believe that the appointment of a special prosecutor in such a situation may be necessary in order to maintain the public's confidence in the impartiality and integrity of our criminal judicial system.  Even in the absence of demonstrated prejudice to the defendant, a special prosecutor may be appointed if necessary to remove an appearance that the defendant is being unfairly prosecuted.  See 
Courtney
, 288 Ill. App 3d at 1033 (requiring appointment of special prosecutor even though no demonstration of actual prejudice to defendant was shown); 
Sommer
, 102 Ill. App. 3d at 120 (same); see also 
J.E.B. v. Alabama ex rel. T.B.
, 511 U.S.127, 161 n.3, 128 L. Ed 2d 89, 98-99 n.3, 114 S. Ct. 1419, 1438 n.3 
(1994) (Scalia, J., dissenting) ("Wise observers have long understood that the appearance of justice is as important as its reality
").

Nonetheless, even if there is a concern about the appropriateness of the State's Attorney's office prosecuting a case against a particular defendant, that concern must be weighed against countervailing considerations.  See 
People v. Shick
, 318 Ill. App. 3d 899, 907 (2001).  Such countervailing considerations include (1) the burden that would be placed on the prosecutor's office if the entire prosecutor's office had to be disqualified; (2) how remote the connection is between the State's Attorney's office and the alleged conflict of interest; and (3) to what extent the public is aware of the alleged conflict of interest.  See 
McCall v. Devine
, 334 Ill. App. 3d 192 , 202-03 (2002); 
Shick
, 318 Ill. App. 3d at 907-08.

In 
McCall
, the petitioner filed a petition for the appointment of a special prosecutor to investigate and prosecute unknown Chicago police officers for the fatal shooting death of her son.  The trial court granted the State's Attorney's motion to dismiss the petition, and the reviewing court affirmed.  The reviewing court held that there need not be a 
per
 
se
 disqualification of the State's Attorney's office every time it prosecutes a police officer.  
McCall
, 334 Ill. App. 3d at 200-01.  The reviewing court explained that, despite the close professional
 working relationship between the Chicago police and the Cook County State's Attorney's office, there was nothing to indicate that the State's Attorney's office would not zealously represent the State in the case of alleged police misconduct.  
McCall
, 334 Ill. App. 3d at 201.  To hold otherwise, the reviewing court explained, would require that a special prosecutor  be appointed whenever anyone alleges wrongdoing on the part of the Chicago police department.  
McCall
, 334 Ill. App. 3d at 201.

In 
Shick
, an attorney filed a general appearance for the defendant shortly after the defendant was arrested.  Three months later, that attorney began working for the State's Attorney's office, the office that was prosecuting the defendant.  The defendant subsequently filed a petition for the appointment of a special prosecutor, based on the fact that his former attorney was now working for the State's Attorney's office.  The trial court denied the defendant's petition, but ordered that the attorney at issue be disqualified from participating in the prosecution of the defendant.  
Shick
, 318 Ill. App. 3d at 905-06.  The reviewing court affirmed the trial court's decision.  The reviewing court determined that, based on the circumstances of the case, the defendant's former attorney's conflict of interest was not imputed to the entire prosecutor's office.  
Shick
, 318 Ill. App. 3d at 908. 
  The reviewing court explained that disqualification of the entire office was not required where the assistant prosecutor at issue had not participated in the prosecution of his former client, had no managerial role with respect to those who did, and had sworn that he had not disclosed and would not disclose any confidential information.  
Shick
, 318 Ill. App. 3d at 907. 
 The reviewing court further explained that a 
per
 
se
 rule of disqualification in cases such as this would have an adverse effect on the ability of prosecutors' offices to hire the best possible employees.  
Shick
, 318 Ill. App. 3d at 907-08. 
  The reviewing court found that such a rule might cause a State's Attorney not to hire a former member of the defense bar for fear that the addition of that attorney might seriously impede the functioning of that office.  
Shick
, 318 Ill. App. 3d at 907-08. 

Applying all of these principles to the instant case, we believe that the State's prosecution of the defendant created an appearance of impropriety.  The instant case involved a Lake County assistant State's Attorney who surreptitiously followed the defendant until he observed the defendant commit a crime.  Charges were then filed against the defendant, based on the assistant State's Attorney's observations.  At a jury trial, the assistant State's Attorney was questioned by another assistant State's Attorney about the defendant's alleged criminal conduct.  This questioning led to the key testimony that was the basis for the defendant's conviction.  We believe that these facts created an improper appearance that the State was too involved with the underlying case to be fair in its prosecution of the defendant.  Although the assistant State's Attorney's pursuit of the defendant was not wrong in itself, his aggressive behavior towards the defendant created the appearance that the State's Attorney's office was obsessed with finding evidence against the defendant to obtain a conviction against him at all costs.  Such an appearance was improper.  See 
Shick,
 318 Ill. App. 3d at 907 (noting that a prosecutor's obligation is not to obtain a conviction at all costs, but to see that justice is done).  
Accordingly, the facts herein suggest that a special prosecutor should have been appointed so as to not risk diminishing the public's esteem and confidence in the criminal justice system.  See 
Courtney
, 288 Ill. App. 3d at 1033-34
.

Moreover, we do not believe that there were any countervailing considerations in the instant case that outweighed the need to appoint a special prosecutor.  The relationship between the State's Attorney's office and the alleged conflict of interest was not remote.  It involved one of the assistant State's Attorneys himself.  See 
Sommer
, 102 Ill. App. 3d at 120 (finding appearance of impropriety where key witness was from the State's Attorney's office); 
cf.
 
McCall
, 334 Ill. App. 3d at 201 (finding alleged impropriety was too remote, as it involved State's Attorney's office's relationship with police department); 
People v. Arrington
, 297 Ill. App. 3d 1, 4 (1998) (determining that evidence that State's Attorney and owners of a store that had been robbed had same last name was not enough in itself to warrant appointment of a special prosecutor).  The conflict of interest could not be shielded from the jury, as the assistant State's Attorney at issue participated in the prosecution of the defendant by testifying as a witness for the State.  
Cf.
 
Shick
, 318 Ill. App. 3d at 907 (finding disqualification was not warranted, in part, because assistant prosecutor at issue had not participated in prosecution of defendant).  Furthermore, by requiring special prosecutors to be appointed in cases such as this, the adverse consequences to the State's Attorney's office 
are minimal.  
Cf.
 
Shick,
 318 Ill. App. 3d at 907-08 (determining that disqualifying the entire prosecutor's office from all criminal cases in which its attorneys had previously been involved with as defense counsel could potentially harm prosecutor's office's ability to hire qualified attorneys).  We believe that it is a rare case in which an assistant State's Attorney will surreptitiously follow a defendant and then become the key witness against him at trial.  In those rare cases, we believe that the importance of maintaining the public's esteem for the State's Attorney's office and the integrity of the criminal justice system outweighs the resulting inconvenience to that State's Attorney's office.

In so ruling, we emphasize that our holding is based on the specific facts of this case.  Indeed, in some circumstances, it may not be improper for an assistant's State's Attorney to testify as a witness in a case that his office is prosecuting.  See 
People v. Tracy
, 291 Ill. App. 3d 145, 150-51 (1997).  In 
Tracy
, the defendant's daughter was issued a citation for illegally passing a school bus.  At the first court appearance on the citation, the defendant informed an assistant State's Attorney that she had been driving the vehicle that illegally passed the school bus.  Charges were subsequently filed against the defendant.  Upon learning that the assistant State's Attorney would be a witness against her, the defendant filed a motion seeking the appointment of a special prosecutor.  The trial court denied the motion, and the reviewing court affirmed.  
Tracy
, 291 Ill. App. 3d at 149-51.  The reviewing court distinguished 
Sommer
 and explained that a special prosecutor was not needed because the assistant State's Attorney who testified was not the complaining witness against the defendant.  
Tracy
, 291 Ill. App. 3d at 151.

We note that the instant case is distinguishable from 
Tracy
.  Here, unlike in 
Tracy
, the assistant State's Attorney was the complaining witness against the defendant.  More significantly, the assistant State's Attorney's conduct in the instant case was much different from that of the assistant State's Attorney in 
Tracy
.  In 
Tracy
, the assistant State's Attorney received the incriminating information about the defendant from the defendant herself.  He did not seek to find any incriminating  evidence against the defendant.  Conversely, in the case herein, as discussed above, the assistant State's Attorney, on his own initiative, surreptitiously followed the defendant until he observed the defendant commit a crime.  Such conduct created an appearance of impropriety when the assistant State's Attorney later became his office's key witness in the prosecution against the defendant.

 
 Accordingly, based on the foregoing discussion, we believe that the prosecution of this case by the Lake County State's Attorney's office created an appearance of impropriety.  We therefore hold 
that the trial court abused its discretion in not appointing a disinterested attorney, one from outside the Lake County State's Attorney's office, to prosecute the defendant.  See 
Sommer
, 102 Ill. App. 3d at 120; see also 
Courtney
, 288 Ill. App. 3d at 1034
.  Accordingly, we reverse the defendant's conviction and remand for a new trial.
  In so ruling, we note that the evidence in this case was sufficient to prove the defendant guilty of the charged offense beyond a reasonable doubt.  Therefore, the defendant will not be subjected to double jeopardy by a subsequent retrial.  See 
People v. Taylor
, 76 Ill. 2d 289, 309 (1979).

For the foregoing reasons, the judgment of the circuit court of Lake County is reversed and the cause is remanded with directions.

Reversed and remanded with directions.

HUTCHINSON and BYRNE,  JJ., concur.